IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Christine Ekalliipse Mouloki, | |
| Plaintiff, | |
| -against- | Case No. 1:14-cv-05532 |
| | Honorable Virginia M. Kendall |
| Marie Paule Epee et al., | |
| Defendant. | |

**MOTION TO DISMISS DEFENDANTS' REVISED COUNTERCLAIM AND
MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Christine Mouloki ("Plaintiff" or "Ms. Ekalle") respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Defendants' (Marie Paule Epee and Eric Ngando Epee) revised false light counterclaim, with prejudice, for failure to state a claim upon which relief can be granted. Previously, this Court *sua sponte* dismissed the Defendants' false light counterclaim due to its legal deficiencies. Despite revision, the Defendants' false light counterclaim remains legally and factually deficient. Defendants allege that Ms. Ekalle's service of process upon them by publication notice, pursuant to this Court's order, somehow placed them "in a false light before the public." Because the published notice contains only publicly available factual information, the Defendants did not, and cannot, point to a single false statement in the notice. A false statement is an essential element of a false light claim; therefore, dismissal with prejudice is warranted.

Moreover, the Defendants' counterclaim fails for two independent and additional reasons. First, the false light counterclaim is predicated on liability for the filing of this lawsuit and is therefore legally insufficient under Illinois law. Second, Illinois's absolute attorney litigation

1

privilege bars Defendants' counterclaim, because the counterclaim relates to the pending litigation and was made in furtherance of Counsels' representation of Ms. Ekalle.

## I. BACKGROUND

Ms. Ekalle initiated this action on July 21, 2014, seeking redress for the five and a half years Defendants forced her to work for little to no pay after bringing her to this country illegally, under false pretenses, and exploiting her immigration status and unfamiliarity with the laws and protections provided to her in the United States. D.I. 1 (Complaint). Because of the Defendants' international mobility, it took Ms. Ekalle's counsel more than a year, and significant expense, including the costs of hiring an international firm, Process Server Network ("PSN"), to serve Defendants. *See, e.g.*, D.I. 7 (Motion to Renew Summons and Extend Time for Service), D.I. 13 (Motion for Alternative Service), D.I. 18 (Initial Status Report).

Due to the difficulties Ms. Ekalle's counsel faced in serving Defendants, Ms. Ekalle's counsel requested that this Court authorize alternative means of service, through publication and Mr. Epee's Linkedin page. D.I. 13. This Court granted that motion on May 26, 2015. D.I. 19 (Minute Entry of Initial Status Hearing).

Around this same time, and many months after the Defendants left Switzerland in order to move to Cameroon, Mr. Epee finally updated his Linkedin page to reflect his current position as the Finance Director at Diageo in Cameroon. *See* D.I. 18. With this information, and after several unsuccessful attempts, PSN finally effectuated service on Mr. Epee on July 10, 2015 and effectuated service of Mrs. Epee on July 11, 2015. D.I. 21 (Notice of Executed Summons to Mr. Epee), D.I. 22 (Notice of Executed Summons to Mrs. Epee).

Because it was unclear whether either of the Defendants would contest service, especially in the light of the difficulties Ms. Ekalle's counsel had in finding Defendants, Ms. Ekalle's

counsel moved forward with alternative service through publication. The published notice stated, in its entirety:

> Notice is hereby given to Marie Paule Epee and Eric Ngado Epee of a pending action, Mouloki v. Epee et al, 1:14-cv-05532, in the United States District Court, Northern District of Illinois. The plaintiff bringing this action is Christine Ekalliipse Mouloki. The defendants to be served by this publication are Marie Paule Epee and Eric Ngado Epee. Default judgment will be entered on or after September 8, 2015 or 21 days after service is effectuated. More information can be obtained from Ms. Mouloki's counsel: Ms. Jacob, Orrick Herrington and Sutcliffe, 405 Howard Street, San Francisco, CA 94110.

*See* D.I. 36-A (Exhibit A to Revised Counterclaim).

After this court *sua sponte* dismissed Defendants' false light counterclaim for failing "to cite to the law which forms the basis for their counterclaim" (D.I. 35), Defendants re-plead their counterclaim without substantial modification:

> "18. As a result of Mouloki publishing notice of a frivolous lawsuit in the Cameroon Tribune, Mr. and Mrs. Epee were placed in a false light before the public. 19. A reasonable person would find the false light in which Mr. and Mrs. Epee were placed to be highly offensive. 20. Mouloki acted with malice and knowledge that her lawsuit is frivolous and her allegations against Mr. and Mrs. Epee are false. 21. As a result of Mouloki's misconduct, Mr. and Mrs. Epee suffered and continue to suffer public humiliation, shame, and distress."

D.I. 36 (Revised Counterclaim). Defendants' counterclaim fails to allege that any statement in the published notice was false, which is the essential element of a false light claim.

## II. LEGAL STANDARD

To survive a 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough for a complaint to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, a claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* Although a court considering a Rule 12(b)(6) motion must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id.* at 678-79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice." *Id.* at 678.

### III. THE COURT SHOULD DISMISS DEFENDANTS' FALSE LIGHT CLAIM

#### A. Failure to State a Claim

In order to adequately plead a claim for false light, the Defendants must establish: (1) they were placed in a false light before the public as a result of Ms. Ekalle's actions; (2) the false light in which Defendants was placed would be highly offensive to a reasonable person; and (3) Ms. Ekalle acted with actual malice, that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false. *Kirchner v. Greene*, 294 Ill. App. 3d 672, 682 (Ill. App. Ct. 1st Dist. 1998). Where, as here, the statements at issue are "substantially true, the first element—being placed in a false light—is not met." *Lerman v. Turner*, No. 10-CV-2169, 2013 U.S. Dist. LEXIS 118479, *60 (N.D. Ill. Aug. 21, 2013); *Gyrion v. City of Chicago*, No. 04-C-5670, 2005 U.S. Dist. LEXIS 9508, *23 (N.D. Ill. May 4, 2005) ("Illinois law requires that a plaintiff claiming false light privacy must specify a statement or assertion made by the defendant that was false.") (citing *Hurst v. Capital Cities Media, Inc.*, 323 Ill. App. 3d 812 (Ill.App.Ct. 2001)). Therefore, "[a]bsent some allegation as to what specific statement was false, a claim based on *false* light simply fails to satisfy the most basic element of the cause of action." *Kirchner*, 294 Ill. App. 3d at 683.

Here, Defendants' false light claim must fail, because Defendants have not alleged – and cannot allege – that the published notice contains any false statement. *See* D.I. 36, ¶¶17-21. Instead, Defendants merely allege, "[a]s a result of Mouloki publishing notice of a frivolous

4

lawsuit in the Cameroon Tribune, Mr. and Mrs. Epee were placed in a false light before the public." *Id.* This allegation does not assert that any statement in the publication notice is false. Thus, Defendants have failed to satisfy the essential element of their claim. *Lerman*, 2013 U.S. Dist. LEXIS 118479 at *60; *see also* Restatement 2d of Torts, § 652E (comment a, to the restatement of torts, "it is essential to the rule stated in this Section that the matter published concerning the plaintiff is not true.").

Moreover, the Defendants cannot hope to cure the deficiencies in their false light claim, because the publication notice does not contain a false statement. Instead, it states only factual information: (1) Mouloki v. Epee et al, 1:14-cv-05532 is a pending action in the United States District Court; (2) Christine Ekalliipse Mouloki is the plaintiff; (3) an identification of the Defendants; (4) the Defendants are to be served by publication; (5) how a default judgment would be entered if the Defendants fail to respond; and (6) counsel's contact information. Therefore, Defendants cannot amend their claim to state a cause of action and it should be dismissed with prejudice.

### B. Defendants' Counterclaim is Improperly Based on the Alleged Wrongful Filing of this Lawsuit

Defendants' counterclaim is also legally insufficient because, at its core, Defendants attempt to base liability on Ms. Ekalle's allegedly wrongful filing of this lawsuit. "Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of America, Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. Ill. 1983) (prohibiting plaintiff from basing a cause of action for tortious interference with business opportunity on the wrongful filing of a lawsuit); *PSN Ill., Inc. v. Ivoclar Vivadent, Inc.*, No. 04-C- 7232, 2005 U.S. Dist. LEXIS 21044, *17 (N.D. Ill. Sept. 21, 2005) (citing cases where "Courts applying Illinois law have repeatedly dismissed unfair competition claims based

5

on the allegedly improper use of litigation"). The only statements Defendants point to as allegedly false are the allegations in Mr. Ekalle's complaint. *See, e.g.*, D.I. 36, ¶14 ("Thus, the allegations in the instant lawsuit Mouloki filed against Mr. and Mrs. Epee are false."). The only permissible claim based upon purportedly false allegations is a claim for malicious prosecution, and Defendants' false light claim should be dismissed accordingly. *Havoco*, 702 F.3d at 647.

### C. Absolute Litigation Privilege Bars Defendants' Counterclaim

Defendants' counterclaim is additionally barred by Illinois's absolute litigation privilege. In Illinois, "[a]n attorney at law is absolutely privileged to publish defamatory matter[1] concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Atkinson v, Affronti*, 369 Ill. App. 3d 828, 832 (2006) (quoting Restatement (Second) of Torts, § 586 (1977)). The absolute litigation privilege bars a claim for relief where the publication: (1) was made in a judicial proceeding or a potential judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. *Id*; *Witbrod v. Blitt & Gaines, P.C.*, 14-cv-8176, 2015 U.S. Dist. LEXIS 56428, *8-9 (N.D. Ill. Apr. 29, 2015). Here, counsel for Ms. Ekalle published the notice, which contained only factual statements related to this action, in order to ensure proper service, pursuant to and authorized by this court's order. D.I. 19. The publication notice therefore satisfies each of the four elements and the absolute litigation privilege bars the Defendants' counterclaim.

---

[1] As explained above, the publication notice contains only factual information, and does not contain any "defamatory matter." Ms. Ekalle's argument that the litigation privilege applies is not an admission that such matter exists in the published notice.

6

Furthermore, the litigation privilege's overriding purpose is to allow an attorney to "be at liberty to candidly and zealously represent his client in communications to potential opposing parties in litigation or other proceedings without the specter of civil liability for his statements clouding his efforts." *Atkinson*, 369 Ill. App. 3d at 833. This purpose is furthered by the litigation privilege's protection of service through publication, which is a legitimate alternative means of service for situations such as this one, where effectuating service is challenging. For these reasons, the absolute litigation privilege bars Defendants' false light counterclaim.

## IV.   CONCLUSION

For the foregoing reasons, Ms. Ekalle respectfully requests that this Court dismiss Defendants' false light counterclaim with prejudice.

Dated:  October 16, 2015                                       Respectfully submitted,


By:   */s/ Johanna L. Jacob*___
        Thomas R. Hill
        DYKEMA GOSSETT PLLC
        10 South Wacker Drive
        Suite 2300
        Chicago, IL 60606
        T: 312-876-1700
        F: 312-876-1155

        Steven J. Fink
        Rene A. Kathawala
        Orrick, Herrington & Sutcliffe LLP
        51 West 52nd Street
        New York, New York  10019-6142
        Telephone: (212) 506-3756
        Facsimile:        (212) 506-5151

        Trish Higgins
        Zheng (Jen) Liu
        Johanna L. Jacob
        Orrick, Herrington & Sutcliffe LLP
        405 Howard Street

7

San Francisco, Ca 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

*Attorneys for Plaintiff Christine Ekalle*

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on October 16, 2015, a copy of the foregoing MOTION TO DISMISS DEFENDANTS' REVISED COUNTERCLAIM AND MEMORANDUM IN SUPPORT THEREOF will be filed with the Court's electronic filing system. Notice of this filing will be sent to all counsel of record for the parties by operation of the Court's electronic filing system.

              By: <u>*/s/ Johanna L. Jacob*</u>
                 Johanna L. Jacob