IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 C 5532 |
| MARIE PAULE EPEE & ERIC NGADO EPEE, | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christine Ekalliipse Mouloki filed a nine-count Complaint seeking relief for the labor she provided Defendants Marie Paule Epee and Eric Ngado Epee after they arranged her entry into the United States. The Epees filed a counterclaim for false light under Illinois law that requests redress for a publication of notice of the Complaint filed in the Cameroon Tribune by Mouloki. Mouloki moves to dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons described below, the Court grants Mouloki's motion to dismiss the counterclaim with prejudice.

## BACKGROUND

The Complaint seeks redress for the Epees allegedly bringing Mouloki to the United States illegally and under false pretenses, exploiting her immigration status, and failing to pay her sufficient wages. (Dkt. No. 1.) The Epees filed a counterclaim for false light under Illinois law based on Mouloki's publication of notice of the lawsuit in the Cameroon Tribune on August 18, 2015. (Dkt. No. 36 at 31.) The publication read:

> Notice is hereby given to Marie Paule Epee and Eric Ngado Epee of a pending action, Mouloki v. Epee et al, 1:14-cv-05532, in the United State District Court,

> Northern District of Illinois. The plaintiff bringing this action is Christine Ekalliipse Mouloki. The defendants to be served by the publication are Marie Paule Epee and Eric Ngado Epee. Default judgment will be entered on or after September 8, 2015, or 21 days after service is effectuated. More information can be obtained from Ms. Mouloki's counsel: Ms. Jacob, Orrington Herrington and Sutcliffe, 405 Howard Street, San Francisco, CA 94110.

*Id.* at Ex. A. The Court dismissed the counterclaim because it failed to cite to the law and ordered the Epees to replead the counterclaim with appropriate citation to the law that forms the basis for their claim. (Dkt. No. 35.) According to their amended counterclaim, the allegations in the Complaint are false and Mouloki knows they are false. *Id.* at ¶¶14-15. Mouloki also caused notice of her lawsuits against the Epees to be published in the Cameroon Tribune, a popular publication in Cameroon. *Id.* at ¶16. The counterclaim seeks relief for publication by Mouloki of a frivolous lawsuit in the Cameroon Tribune because it placed the Epees in a false light before the public. *Id.* at ¶18.

## LEGAL STANDARD

"A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). To survive a 12(b)(6) challenge, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must ask itself *could* these things have happened, not *did* they happen. The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 833 (7th Cir. 2015) (quotations

omitted). At this stage, all well-pled facts are taken as true and viewed in the light most favorable to the plaintiff. *See Hatmaker v. Mem'l Med. Ctr.,* 619 F.3d 741, 743 (7th Cir. 2010). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, (2007).

## DISCUSSION

Mouloki argues that the Epees's counterclaim fails to state a claim for false light because the statements in the publication are not plausibly false, it bases liability on Mouloki's allegedly wrongful filing of the Complaint, and it is barred by the absolute litigation privilege. In response, the Epees contend that because the counterclaim alleges that the factual allegations in the Complaint are false, it survives a 12(b)(6) challenge. They claim that the counterclaim should not be dismissed because the publication made this lawsuit known to third parties. With respect to the absolute litigation privilege, the Epees assert that it does not apply because the publication was not made in furtherance of the litigation as the Epees were served a month before and their attorneys had appeared already. The Epees further opine that those who saw the publication are not covered by the absolute litigation privilege.

I. **Counterclaim Fails to Plausibly Allege that the Publication Contained a FalseStatement**

To state a claim for false light under Illinois law, "[f]irst, the allegations in the complaint must show that the plaintiffs were placed in a false light before the public as a result of the defendants' actions. Second, the court must determine whether a trier of fact could decide that the false light in which the plaintiffs were placed would be highly offensive to a reasonable person. Finally, the plaintiffs must allege and prove that the defendants acted with actual malice, that is, with knowledge that the statements were false or with reckless disregard for whether the

3

statements were true or false." *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 209-10 (Ill. 1992). A false light claim fails if the published material about which a plaintiff complains is substantially true because the plaintiff has not been placed in a false light to begin with. *See Pope v. Chronicle Publ'g Co.*, 95 F.3d 607, 616 (7th Cir. 1996) (holding false light fails because statements were substantially true, amongst other reasons); *Raveling v. HarperCollins Publishers, Inc.*, No. 04-2963, 2005 WL 900232 at *3 (7th Cir. Mar. 4, 2005) (upholding dismissal of false light claim because statements were true); *Wynne v. Loyola Univ. of Chicago*, 741 N.E.2d 669, 677 (Ill. App. Ct. 2000) (finding plaintiff could not prevail on false light claim because assertions were substantially true).

Even viewing the allegations in the counterclaim in the light most favorable to the Epees, it is not plausible that the publication in the Cameroon Tribune contained false statements. To the contrary, the publication was substantially true and therefore the counterclaim fails to state a claim for false light. The publication stated that a lawsuit was brought by Mouloki against the Epees, it was pending in this district, notice was given to the Epees of this lawsuit, the case number was provided, default judgment would be entered after service was effectuated, and more information could be obtained from Mouloki's counsel whose contact information was listed. (Dkt. No. 36 at Ex. A.) All of these statements are substantially true. The Epees argue that the falsity lies in the allegations of the Complaint; however, none of the factual allegations in the Complaint are included in this publication. The veracity of the Complaint's allegations are the subject of this lawsuit and as explained below, statements made in the course of a judicial proceeding cannot be attacked in a false light action. Because the counterclaim fails to plausibly allege that the publication contains a false statement, the Court grants Mouloki's motion to dismiss the counterclaim with prejudice. *See, e.g., Ludlow v. Northwestern Univ.*, 79 F.Supp.2d

824, 837-42 (N.D. Ill. 2015) (granting motion to dismiss certain false light claims because statements were substantially true); *Lerner v. Turner*, No. 10-cv-2169, 2013 WL 4495245 at *19 (N.D. Ill. Aug. 21, 2013) (granting defendant's motion for summary judgment on false light claim because statement was substantially true).

## II. The Complaint's Allegations are an Improper Basis for False Light Claim

The Epees contend that the falsity of the publication lies in the Complaint itself, which ignores the fact that the publication contains none of the Complaint's factual allegations. The Court grants Mouloki's motion to dismiss the counterclaim for the additional reason that Illinois law "reject[s] any effort to extend the tort liability for the wrongful filing of a lawsuit beyond the ambit of an action for malicious prosecution or abuse of process." *Lyddon v. Shaw*, 372 N.E.2d 685, 689 (Ill. App. Ct. 1978); *see also Havoco of America, Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983) ("Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process."). Illinois law therefore bars the Epees from asserting a false light claim based on the contents of the Complaint because only malicious prosecution and abuse of process claims can be asserted against the act of filing a lawsuit. *See id*. The Court accordingly grants Mouloki's motion to dismiss the counterclaim with prejudice to the extent that it seeks relief for allegedly false statements made in the Complaint. *See, e.g., Whittler v. Midland Funding, LLC*, No. 14 C 9423, 2015 WL 3407324 at (N.D. Ill. May 27, 2015) (barring Illinois Consumer Fraud and Deceptive Business Practices Act claim to the extent that it was premised on alleged wrongful filing of the lawsuit); *Flava Works, Inc. v. Gunter*, No. 10 C 6517, 2013 WL 4734002 at *2 (N.D. Ill. Sept. 3, 2013) (dismissing tortious interference with a contract claim to the extent that it was based on alleged wrongful filing of the lawsuit).

**III.     Absolute Litigation Privilege Prohibits False Light Claim**

In Illinois, "[a]n attorney at law is absolutely privileged to publish defamatory matter concerning another in communications *preliminary* to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Atkinson v. Affronti*, 861 N.E.2d 251, 255 (Ill. App. Ct. 2006) (citation omitted). The absolute litigation privilege applies "only when the following conditions have been met: the publication was made in a judicial proceeding; had some connection or logical relation to the action; was made to achieve the objects of the litigation; and involved litigants or other participants authorized by law." *Kurczaba v. Pollock*, 742 N.E.2d 425, 438 (Ill. App. Ct. 2000) (quotation omitted). This privilege is limited in Illinois to protection against defamation and false light actions. *See Zdeb v. Baxter Int'l, Inc.*, 697 N.E.2d 425, 429-30 (Ill. App. Ct. 1998) (recognizing that the absolute litigation privilege applies only to defamation and false light claims); *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994) ("[I]n Illinois…anything said or written in a legal proceeding…is protected by an absolute privilege against defamation actions.") (quotation omitted). Any doubt about whether a statement is pertinent or relevant to a judicial proceeding "should be resolved in favor of a finding of pertinency." *Malevitis v. Friedman*, 753 N.E.2d 404, 407 (Ill. App. Ct. 2001).

Even drawing all reasonable inferences in the Epees's favor, the publication was clearly made in the course of this judicial proceeding and was relevant to it because it provided the Epees notice of the Complaint. The publication was made to achieve an objective of this action because providing a party notice of the action is required. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (Due Process Clause requires that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate

6

to the nature of the case."). The Epees argue that notice by publication was unnecessary because they had been served and their attorneys had filed their appearances prior to the publication. The Complaint was filed on July 21, 2014. (Dkt. No. 1.) Mouloki issued a summons on July 28, 2014, and requested two extensions of time to serve the Epees due to their international travel and residency abroad, both of which the Court granted. (Dkt. Nos. 7, 9, 13, 19.) Mouloki did not succeed in serving the Epees until July 30, 15, over a year after filing the Complaint. (Dkt. Nos. 20, 21.) Moreover, counsel for the Epees did not appear at the August 17, 2015 status hearing. Considering the lengthy and complicated process of serving the Epees, the publication was necessary to ensure that they had notice of this lawsuit.

Lastly, the publication involved the parties in this lawsuit and its dissemination to third parties does not remove it from protection under the absolute litigation privilege. The publication complied with the Illinois publication statute in that it "contain[ed] notice of the pendency of the action, the title of the court, the title of the case, showing the names of the first named plaintiff and the first named defendant, the number of the case, the names of the parties to be served by publication, and the date on or after which default may be entered against such party." 735 ILCS 5/2-206(a). Compliance with this statute weighs heavily in favor of finding it covered by the absolute litigation privilege. The Epees rely on two cases for the proposition that the absolute litigation privilege does not apply because the publication was distributed to those outside this lawsuit. First, they cite to *Kurczaba* where the defendant mailed a copy of an amended complaint that the Court had not granted leave to file along with an advertisement for a law firm to third parties. 742 N.E.2d at 430. The Court held that the absolute litigation privilege did not apply in the false light claim because it does not protect "third-party communications unrelated to a lawsuit." *Id.* at 440. In contrast, the publication here was directly related to this

7

lawsuit and was "in furtherance of that representation" because it ensured that the Epees had notice of the lawsuit. *Id.* at 441. Second, the Epees point to *Lykowski v. Bergman*, 700 N.E.2d 1064 (Ill. App. Ct. 1998) for support. That case dealt with whether the absolute litigation privilege applied to the defendant's forwarding copies of the charges he had submitted to the Attorney Registration and Disciplinary Commission to third parties. The Court concluded that the absolute litigation privilege did not protect the defendant because the statements were not part of the judicial proceeding of the ARDC. *Id.* at 1071. Here, on the other hand, the publication was part of this judicial proceeding because it furthered the need to provide the Epees notice of the Complaint. In sum, the Court grants Mouloki's motion to dismiss the counterclaim with prejudice for the third reason that it is barred by the absolute litigation privilege.

## CONCLUSION

For the reasons stated above, the Court grants Mouloki's motion to dismiss the Epees's counterclaim for false light with prejudice. (Dkt. No. 41.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 3/10/2016