**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, | ) | No. 14 CV 5532 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Honorable Virginia M. Kendall |
| v. | ) | |
| | ) | |
| MARIE PAULE EPEE and ERIC NGANDO | ) | |
| EPEE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON PARKS, LLC**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2900
Facsimile: (312) 262-2901

*Attorneys For Defendants*

**January 16, 2017**

## Table Of Authorities

**Cases**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)……………………………………………3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)…………………………...3

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)………………………………………………3

*Landgraf v. USA Film Prods.*, 511 U.S. 244 (1994)……………………………………………4

*Labojewski v. Gonzales*, 407 F.3d 815 (7th Cir. 2005)………………………………………4

*Griffin v. Alamo*, No. 14-cv-4065, 2016 U.S. Dist. LEXIS 176514 (W.D. Ark. December 21, 2016)………………………………………………………………………………………4

*Oak-Jin Oh v. Soo Bok Choi*, No. 11-cv-3764, 2016 U.S. Dist. LEXIS 25553 (E.D. N.Y. February 29, 2016)…………………………………………………………………………...4

*Aguirre v. Best Care Agency, Inc.,* 961 F. Supp. 2d 427 (E.D. N.Y. 2013)………………………5, 9

*Adhikari v. Daoud & Partners*, No. 09–cv–1237, 2013 WL 4511354 (S.D. Tex. Aug. 23, 2013)………………………………………………………………………5

*Velez v. Sanchez*, 693 F.3d 308 (2d Cir. 2012)…………………………………………………5

*Ditullio v. Boehm*, 662 F.3d 1091 (9th Cir. 2011)…………………………………………...………5

*Doe v. Siddig*, 810 F. Supp. 2d 127 (D.D.C. 2011)………………………………………………5

*Mohammed v. Sidecar Techs. Inc.*, No. 16-cv-2538, 2016 U.S. Dist. LEXIS 156090 (N.D. Ill. November 10, 2016)……………………………………………………………………………6

*United States v. Calimlim*, 538 F.3d 706 (7th Cir. 2008)…………………………………………9

*Catania v. Local 4250/5050 of the Communications Workers of America*, 359 Ill. App. 3d 718 (1st Dist. 2005)…………………………………………………………………………………11

*Sandy Creek Condominium Ass'n v. Stolt & Egner, Inc.,* 267 Ill. App. 3d 291 (2nd Dist. 1994)………………………………………………………………...………12

*Cirrincione v. Johnson*, 184 Ill. 2d 109 (1998)…………………………………………………..12

*Avila v. Citimortgage, Inc.,* 2013 U.S. Dist. LEXIS 142259 (N.D. Ill. Oct. 2, 2013)………...……12

*Eggert v. Weisz*, 839 F.2d 1261 (7th Cir. 1988)……………………………………………12

*Bonhomme v. St. James*, 361 Ill. Dec. 1 (2012)............................................................13

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547 (7th Cir. 2012)..............................13

*Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565 (7th Cir. 2016)..............................15

*Groce v. Eli Lilly & Co.*, 193 F.3d 496 (7th Cir. 1999)..............................................16

**Statutes**

18 U.S.C. §1595..............................................................................................................4

18 U.S.C. §1581..............................................................................................................5

18 U.S.C. §1589..............................................................................................................7

18 U.S.C. §1590..........................................................................................................8, 9

29 U.S.C. §§206, 207, and 216(b)...............................................................................9

29 U.S.C. §255................................................................................................................9

820 ILCS 105/1 *et seq.* (2015)...............................................................................9, 10

820 ILCS 105/1 *et seq.* (2017)..................................................................................11

820 ILCS 115/1 *et seq*..............................................................................................11

735 ILCS 5/13-205.............................................................................................11, 12, 14

**Other Authorities**

Fed. R. Civ. P. 56(e).......................................................................................................3

Pub. L. 108–193, § 4(a)(4)(A), Dec. 19, 2003, 117 Stat. 2878...................................4

Pub. L. 110–457, title II, § 221(2), Dec. 23, 2008, 122 Stat. 5067............................4

NOW COME Defendants, Eric Ngando Epee and Marie Paule Epee ("Mr. and Mrs. Epee"), by and through one of their attorneys, Rebecca R. Kaiser, and for their Memorandum Of Law In Support Of Joint Motion For Partial Summary Judgment, state as follows:

## Introduction

Plaintiff Christine Ekalliipse Mouloki ("Mouloki") alleges that she was a victim of human trafficking at the hands of Mr. and Mrs. Epee. To the contrary, the record establishes that Mouloki lived with Mr. and Mrs. Epee freely and voluntarily and was treated like a member of their family. Mr. and Mrs. Epee contend that this lawsuit was brought fraudulently as a means for Mouloki to remain in the United States and for illicit financial gain.

Despite Mouloki's continued fraud, the uncontroverted material facts establish that Mouloki cannot prevail on the majority of her claims for three main reasons. First, many of Mouloki's claims occurred before December 19, 2003, when Congress enacted a private right of action for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Second, many of Mouloki's claims were filed after the relevant statutes of limitation. Third, the uncontroverted material facts show that a reasonable jury will not be able to find in favor of Plaintiff on most, if not all, of her claims.

## Uncontroverted Material Facts

Mouloki came to live with Mr. and Mrs. Epee, a married couple, at their home in Schaumburg, Illinois, on or around May 8, 2002. SOF Nos. 1, 3, 4 7, 8. She stayed with them and their children until on or around December 9, 2007. SOF No. 8. The Epees now live in Cameroon. SOF Nos. 5, 6.

Mr. and Mrs. Epee did not force or threaten Mouloki to live with them. SOF Nos. 12 – 15. The parties never entered into a written employment contract. SOF Nos. 22 – 25. Mr. Epee

1

never discussed any terms of employment (*e.g.*, compensation, hours, tasks) with Mouloki. SOF Nos. 16, 17, 18, 20, 22, 24. Likewise, Mrs. Epee never discussed compensation or hours with Mouloki. SOF Nos. 19, 21, 23, 25.

While she lived with the Epee family, Mr. Epee never used physical force against Mouloki, nor did he restrain her. SOF No. 32. Further, he never threatened her or her family with harm, physical or otherwise. SOF Nos. 33, 35, 36. Mrs. Epee never threatened Mouloki or her family, nor did she restrain her. SOF No. 34. Mrs. Epee denies ever making physical contact with Mouloki, while Mouloki alleges that Mrs. Epee grabbed her shirt and made comments about the police *one time*, in 2006, after she had already been living with the Epee family for three to four years. SOF Nos. 37 – 40.

Mouloki had a key to the Epee home. SOF No. 26. She left the house to do things on her own, often taking the bus. SOF Nos. 28, 30, 31. More than once during their time living together, Mr. and Mrs. Epee went on vacations with their children and without Mouloki. SOF No. 27. During these times, Mouloki was free to come and go as she pleased. SOF No. 28. Mouloki had her own cell phone while she lived with the Epees. SOF No. 29. Mr. and Mrs. Epee gave Mouloki spending money as she needed it. SOF No. 44. Mouloki never asked Mr. or Mrs. Epee to help her return to Cameroon. SOF Nos. 41, 42. To the contrary, Mr. and Mrs. Epee had conversations with Mouloki about her eventually having to find another place to live, as *they* intended to return to Cameroon. SOF No. 43.

Mouloki moved to New York in or around December 2007 and still lives there. SOF Nos. 2, 45. She left for New York without telling the Epees. SOF No. 46. Upon arriving in New York, she moved in with Marie Reed, a relative of Mrs. Epee, with whom she lived until

2011. SOF Nos. 47, 48, 49. Mouloki obtained a T-Visa in 2014. SOF Nos. 50, 51. She filed

her complaint on July 21, 2014. SOF No. 52.

## Standard Of Review

Summary judgment is proper when "the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). The party seeking summary judgment has the burden of establishing the lack of any

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When,

however, there is nothing more than a "metaphysical doubt as to the material facts," summary

judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). The "mere existence of a scintilla of evidence" is not sufficient to defeat summary

judgment; "there must be evidence on which the jury could reasonably find for the [non-moving

party]." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

If the non-moving party bears the burden of proof at trial, the moving party may obtain

summary judgment simply by establishing the nonexistence of a genuine issue of material fact as

to any essential element of a non-moving party's claim or affirmative defense. *Celotex Corp.*,

477 U.S. 317 at 331. A non-moving party "may not rest upon the mere allegations or denials of

the adverse party's pleadings, but…must set forth specific facts showing that there is a genuine

issue for trial." Fed. R. Civ. P. 56(e).

## Argument

I.  **Claims For Damages Pursuant To The Trafficking Victims Protection Reauthorization Act ("TVPRA") (Counts One, Two, and Three) Should Be, At Minimum, Limited In Scope.**

Counts One, Two, and Three seek civil remedies for alleged violations of provisions of

the TVPRA. A civil remedy for TVPRA violations was codified on December 19, 2003, at 18

3

U.S.C. §1595. *See*, Pub. L. 108–193, § 4(a)(4)(A), Dec. 19, 2003, 117 Stat. 2878. On December 23, 2008, the statute was amended to impose additional liability not only on the "perpetrator," but also on "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *See,* Pub. L. 110–457, title II, § 221(2), Dec. 23, 2008, 122 Stat. 5067.

Mouloki lived with Mr. and Mrs. Epee between May 8, 2002 and December 9, 2007. Because 18 U.S.C. §1595 is not retroactive, Mouloki cannot seek relief for any alleged events before December 19, 2003. She also cannot seek relief based on the 2008 amendment, because the Epees' alleged conduct ended by December 9, 2007, when Mouloki moved out.

In *Landgraf v. USA Film Prods.*, 511 U.S. 244, 268 (1994), the Supreme Court established an analysis to determine when a statute is retroactive. Courts are to defer to Congress when it clearly expresses its intent that a statute is retroactive, but are to apply a presumption against retroactivity when congressional intent is ambiguous. *Id*. "Accordingly, when it is unclear whether a statute is meant to be retroactive, prospectivity remains the appropriate default rule. The requirement of clear congressional intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application." *Labojewski v. Gonzales*, 407 F.3d 815, 819 (7th Cir. 2005) (internal citations omitted).

Courts have consistently held that the amendments to the TVPRA are not retroactive. *See, e.g., Griffin v. Alamo*, No. 14-cv-4065, 2016 U.S. Dist. LEXIS 176514, at *11 – 12 (W.D. Ark. December 21, 2016) (concluding that 2008 amendments to TVPRA did not apply retroactively); *Oak-Jin Oh v. Soo Bok Choi*, No. 11-cv-3764, 2016 U.S. Dist. LEXIS 25553, at *18 – 21 (E.D. N.Y. February 29, 2016) (holding that no judgment could be entered for claims under the TVPRA that accrued prior to express right of actions being enacted in 2003 and 2008,

respectively); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 447 (E.D. N.Y. 2013) (Plaintiff could not maintain a §1590 claim based on her initial recruitment, as she was hired prior to December 19, 2003); *Adhikari v. Daoud & Partners*, No. 09–cv–1237, 2013 WL 4511354, at *9 (S.D. Tex. Aug. 23, 2013) (concluding that 2008 amendments to TVPRA did not apply retroactively); *Velez v. Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012) (concluding that "civil cause of action does not apply retroactively"); *Ditullio v. Boehm*, 662 F.3d 1091, 1100–02 (9th Cir. 2011) (same); *Doe v. Siddig*, 810 F.Supp.2d 127, 136 (D.D.C. 2011) (concluding that "permitting private litigants to bring suit under Section 1595 for violations of Sections 1589 and 1590 based on conduct predating December 19, 2003 would have an impermissible retroactive effect").

As a result, judgment should be entered for Defendants for any conduct prohibited by the TVPRA which allegedly occurred before December 19, 2003. To the extent that Mouloki is making claims based on Mr. and/or Mrs. Epee knowingly benefitting from a violation of the TVPRA as set forth in the 2008 amendment to 18 U.S.C. §1595, judgment should be entered for Defendants on those claims as well.

### a. Count One Fails Because No Material Facts Establish That Mouloki Was Held In A Position Of Peonage.

Count One claims that Defendants held Plaintiff in violation of 18 U.S.C. §1581, which provides:

> (a)Whoever holds or returns any person to a condition of peonage, or arrests any person with the intent of placing him in or returning him to a condition of peonage, shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.

5

> (b) Whoever obstructs, or attempts to obstruct, or in any way
> interferes with or prevents the enforcement of this section, shall be
> liable to the penalties prescribed in subsection (a).

"Peonage is 'a status or condition of compulsory service, based upon the indebtedness of the peon to the master. The basal fact is indebtedness.'" *Mohammed v. Sidecar Techs. Inc.*, No. 16-cv-2538, 2016 U.S. Dist. LEXIS 156090 at *8 - 9 (N.D. Ill. November 10, 2016), (*citing United States v. Reynolds*, 235 U.S. 133, 144 (1914)).

Mouloki's claim of being held in a position of peonage fails for two main reasons. First, Mouloki has failed to show any evidence, and even fails to allege, that she owed a debt to Mr. and/or Mrs. Epee. Thus, judgment on Count One should be entered in favor of Defendants.

Second, Mouloki cannot establish all of the peonage elements. To prove peonage, a plaintiff must show the defendants held her against her will and coerced her to work in order to satisfy her debt by (1) physical restraint or force, (2) legal coercion, or (3) threats of legal coercion or physical force. *Mohammed,* 2016 U.S. Dist. LEXIS 156090 at *10 (*citing United States v. Farrell*, 563 F.3d 364, 372 (8th Cir. 2009) and *United States v. Kozminski*, 487 U.S. 931, 952 - 953 (1988)).

Mouloki's pleadings and testimony admit that Mr. Epee never used physical force or restrained her, nor did he threaten to do either. She likewise admits that Mr. Epee never did, nor even threatened to, call the police. Judgment must be entered in favor of Eric Epee as to Count One.

Mouloki alleges that one incident occurred in 2006 in which Mrs. Epee grabbed Mouloki's shirt. Mouloki claims that she told Mrs. Epee that she would call the police and Mrs. Epee responded that if anyone were to call the police it would be her, because Mouloki did not

have "papers." Mouloki unequivocally testified that this was the one and only incident in which Mrs. Epee touched or threatened her. Mrs. Epee denies the allegations.

Even if Mouloki's allegations are true, there is no evidence that this incident occurred in the context of Mrs. Epee trying to force Mouloki to work or keep her in the Epee home. To the contrary, the Epees regularly spoke with Mouloki about how she would need to find somewhere else to live when they moved. Furthermore, this incident is alleged to have occurred in 2006, *four years* after Mouloki began living with the Epees. Mouloki offers no explanation regarding how she was held against her will or forced to "work" for the Epees from 2002 to 2006. Judgment should, therefore, be entered in favor of Mrs. Epee as to Count One. At minimum, judgment should be entered in favor of Mrs. Epee as to Count One for allegations said to have occurred from 2002 to 2005.

### b. Count Two Fails Because No Material Facts Exist To Establish That Mouloki Was Harmed, Restrained, Threatened, Or Abused In Order To Be Forced To Work.

Count Two claims that Defendants held Plaintiff in violation of 18 U.S.C. §1589, which provides, in relevant part:

> (a) Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means—
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) by means of serious harm or threats of serious harm to that person or another person;
> (3) by means of the abuse or threatened abuse of law or legal process; or
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
> shall be punished as provided under subsection (d).

Judgment in favor of Eric Epee as to Count Two should be entered for the same reasons as they should be for Count One. Mouloki admitted that both before and after she came to live with the Epees, Mr. Epee never used physical force, threatened physical force, or restrained her. Mr. Epee never threatened Mouloki's family. Mr. Epee never did, nor threatened to, call the police. Thus, judgment must be entered in favor of Eric Epee as to Count Two.

Here again, Mouloki's only claim of force or threats by Mrs. Epee is the single alleged incident in 2006. There is no evidence to establish that this incident involved coercion or forcing Mouloki to work. Further, all evidence shows that Mouloki resided with the Epees voluntarily from at least 2002 – 2006. Judgment should be entered in favor of Mrs. Epee as to Count Two. At a minimum, judgment should be entered in favor of Mrs. Epee as to Count One for all allegations said to have occurred from 2002 to 2005.

### c. Count Three Fails Because The Alleged Actions Occurred Prior To The Enactment Of A Civil Remedy And No Material Facts Exist To Prove The Claim.

Count Three claims that Defendants violated 18 U.S.C. §1590, which provides:

(a) Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of this chapter shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.
(b) Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be subject to the penalties under subsection (a).

Count three fails as a matter of law. Mouloki began living with Mr. and Mrs. Epee on or around May 8, 2002. Mr. and Mrs. Epee cannot be held liable for "recruiting, harboring, transporting, or obtaining" Mouloki's services, because she alleges that those actions occurred

prior to December 19, 2003, when 18 U.S.C. §1595 was enacted. *See, e.g., Aguirre v. Best Care Agency, Inc.,* 961 F. Supp. 2d 427, 447 (E.D. N.Y. 2013) (Plaintiff could not maintain a §1590 claim based on her initial recruitment, as she was hired prior to December 19, 2003).

Count three also fails because there are no material facts to establish Mouloki's claim. In order to establish liability, Mouloki must prove that the Epees obtained her "for labor or services *in violation of this chapter*" 18 U.S.C. §1590(a) (*emphasis added*). "Obtaining the services of another person is not itself illegal; it is illegal only when accompanied by one of the three given circumstances [in §1589], and the jury must find that the defendant knew that the circumstance existed." *See, United States v. Calimlim*, 538 F.3d 706, 711 (7th Cir. 2008). Because Plaintiff's other claims under the TVPRA fail, her trafficking claim under Count Three fails as well. Judgment in favor of the Defendants must be entered.

## II. Count Four Is Barred By The Statute Of Limitations.

Count Four claims that Defendants violated the Fair Labor Standards Act ("FLSA"), sections 29 U.S.C. §§206, 207, and 216(b). 29 U.S.C. §255 states that the statute of limitations for claims under the FLSA is two years, or three years if the conduct is a "willful violation." *Id.* Plaintiff alleges that she was employed by defendants from May 8, 2002 to December 9, 2007. Plaintiff's complaint was filed on July 21, 2014, three to four years after the statute of limitations expired. Thus, Count Four is barred by the statute of limitations. Judgment should be entered in favor of Defendants.

## III. Count Five Is Barred By The Statute Of Limitations And Also Fails As A Matter Of Law.

Mouloki cannot prevail in her claim pursuant to 820 ILCS 105/1 *et seq.* (the "Illinois Minimum Wage Law") for two reasons. First, the statute of limitations for civil claims of violations of the Illinois Minimum Wage Law is three years. 820 ILCS 105/12. Plaintiff alleges

that she was employed by defendants from May 8, 2002 to December 9, 2007. Plaintiff's complaint was filed on July 21, 2014, three and one half years after the statute of limitations expired. Thus, Count Five is time barred.

Second, the Illinois Minimum Wage Law did not apply to the type of employment Mouloki alleges she held with the Epee family from 2002 to 2007. 820 ILCS 105/3 defines what persons and entities are covered by the Illinois Minimum Wage Law. At all relevant times, the statute read, "'Employee' includes any individual permitted to work by an employer in an occupation, but does *not* include any individual permitted to work: (1) For an employer employing fewer than 4 employees exclusive of the employer's parent, spouse or child or other members of his immediate family [...] (3) In domestic service in or about a private home." 820 ILCS 105/3 (d) (1) and (3) (2015). (Amended by P.A. 99-758, eff. 1-1-17.) (*Emphasis added.*)

Mouloki was not considered an "employee" under the Illinois Minimum Wage Law for at least two reasons. First, Mr. and Mrs. Epee did not employ four or more employees. The Epees contend that they had no employees. Mouloki claims that she was their only employee. Either way, Mouloki is excluded from the statutory definition of "employee."

Second, the tasks Mouloki alleges she performed (*e.g.,* babysitting, cooking, cleaning, *etc.*) fall squarely within the definition of "domestic service" and are alleged to have been done in the Epees' home. To the extent that there are any doubts about whether Mouloki's alleged tasks fall within this purview, the Illinois legislature expanded the definition of "employee" to include those engaged in domestic service in Illinois Public Act 99-758, enrolled as HB 1288. The bill defines "domestic work" to include:

> [H]ousekeeping; house cleaning; home management; nanny services including childcare and child monitoring; caregiving, personal care or home health services for elderly persons or persons with an illness, injury, or disability who require assistance in caring for themselves; laundering;

> cooking; companion services; chauffeuring; or, other household services for members of households or their guests in or about a private home or residence or any other location where the domestic work is performed.

*Id.* This bill became law effective January 1, 2017. *See,* 820 ILCS 105/3 (d) (3) (2017). Thus, the Illinois Minimum Wage Law does not apply. Judgment on Count Five should be entered in favor of Defendants.

## IV. Judgment Should Be Entered In Favor Of Mr. Epee On Count Six Because No Material Facts Exist To Show That He Entered Into An Employment Agreement With Mouloki.

Mouloki claims that Defendants violated provisions of Illinois Labor Law, 820 ILCS 115/1 *et seq.*, by not paying Mouloki as frequently as required, as well as by not paying her final compensation. *See,* Complaint, Exhibit 1 at ¶¶84 – 89.

In order to establish a claim under 820 ILCS 115/5, a plaintiff must show (1) that the defendant was an "employer" under the Act; (2) the parties entered into an "employment contract or agreement"; and (3) the plaintiff was due "final compensation." *Catania v. Local 4250/5050 of the Communications Workers of America*, 359 Ill. App. 3d 718, 724 (1st Dist. 2005).

Here, Plaintiff's testimony and admissions are that she only discussed terms of an alleged employment agreement with *Mrs. Epee.* She never discussed compensation, hours, employment tasks, or any other related items with Mr. Epee. Thus, there are no material issues of fact to establish liability on the part of Mr. Epee. Judgment should be entered in his favor on Count Six.

## V. Count Seven Is Barred By The Statute Of Limitations, And There Are No Material Facts Sufficient To Establish Conversion.

Count Seven claims that Defendants unlawfully converted money belonging to Plaintiff. This claim fails for three reasons.

First, 735 ILCS 5/13-205 states that the statute of limitations for claims for conversion of real property is five years. Plaintiff alleges that she was employed by defendants from May 8,

11

2002 to December 9, 2007. Thus, Plaintiff had until December 9, 2012 to file a conversion claim. Plaintiff's complaint was filed on July 21, 2014. Thus, Count Seven is time barred.

Second, Plaintiff's claim also fails because the material facts are insufficient to establish all the necessary elements of conversion. Conversion is the unauthorized deprivation of property from a person entitled to its possession. *Sandy Creek Condominium Ass'n v. Stolt & Egner, Inc.,* 267 Ill. App. 3d 291, 294 (2nd Dist. 1994). To prove conversion, the plaintiff must establish (1) a right in the property, (2) a right to immediate possession, (3) wrongful control by the defendant, and (4) a demand for possession. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). The material facts show that Plaintiff never demanded possession of the money that she alleges Defendants held for her. Plaintiff left the Epee home without telling them she was leaving, and never asked for her money. Thus, Plaintiff cannot establish the fourth prong of conversion.

Third, Plaintiff's claim for conversion fails because she is unable to establish the specific amount of money that was allegedly converted. "Money can be the subject of a conversion claim, but only if plaintiff alleges that he 'has a right to a specific, identifiable amount of money,' not 'an indeterminate sum.'" *Avila v. Citimortgage, Inc.,* 2013 U.S. Dist. LEXIS 142259 at *4 -5 (N.D. Ill. Oct. 2, 2013) (reversed and remanded on other grounds by 801 F.3d 777 (7th Cir. 2015)). *See also, Eggert v. Weisz*, 839 F.2d 1261, 1264 (7th Cir. 1988). The uncontroverted material facts show that Plaintiff cannot prove how much money she claims the Epees converted. Judgment should be entered in favor of Defendants on Count Seven.

## VI.    Count Eight Is Barred By The Statute Of Limitations And No Material Facts Exist To Establish Plaintiff's Claim.

Plaintiff alleges that Mrs. Epee engaged in fraudulent misrepresentation to induce Mouloki to live with the Epee family. This claim fails for two reasons. First, the statute of limitations for fraudulent misrepresentation is encompassed 735 ILCS 5/13-205, which provides

that the statute of limitations for "all civil actions not otherwise provided for" is five years. Thus, Mrs. Epee's alleged actions must have occurred prior to May 8, 2002. Further, Plaintiff alleges that she was employed by defendants from May 8, 2002 to December 9, 2007. Thus, Plaintiff had, at the latest, until December 9, 2012 to file this claim. Plaintiff's complaint was filed on July 21, 2014. Thus, Count Eight is barred by the statute of limitations.

Second, insufficient material facts exist to prove fraudulent misrepresentation. Mouloki alleges that Mrs. Epee promised her: "generous compensation"; that she would be provided with a room; that the Epees would help her find another place to live after she lived in their home; and, that she would be able to return to Cameroon at any time. *See,* Complaint, Exhibit 1, ¶¶16, 94.

As a threshold matter, Mouloki cannot maintain a claim for many of these alleged representations. The tort of fraudulent misrepresentation is a "very narrow tort that applies only to cases involving business or financial transactions between parties." *See, Bonhomme v. St. James*, 361 Ill. Dec. 1, 10 (2012). Illinois courts have never recognized fraudulent misrepresentation in a setting that is purely personal. *Id.* Thus, Plaintiff cannot maintain a claim for these alleged representations besides that regarding compensation, and they should not be considered.

The elements of a claim of fraudulent misrepresentation in Illinois are: (1) a false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and, (5) damage to the other party resulting from that reliance. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 569 (7th Cir. 2012).

Mouloki admits that she never discussed salary, wages, or an exact amount of compensation with Mrs. Epee. She cannot claim that Mrs. Epee misrepresented material facts about compensation, because nothing specific was discussed. Mouloki only claims that Mrs. Epee said that she and her husband would pay her, but Mouloki admits that Mr. and Mrs. Epee *did* give her money from time to time[1]. Thus, even considering the facts in a light most favorable to Plaintiff, no misrepresentations were made.

If the Court considers the other alleged representations in the context of this motion, even though they are personal in nature, those claims must also fail because no material facts have been set forth to prove them. Mouloki *was* provided with a room, albeit one she shared with Mr. and Mrs. Epee's children. It is undisputed that Mouloki never told Mr. or Mrs. Epee that she wanted to return to Cameroon, so she cannot claim that Mrs. Epee lied to her about that. There is also no evidence that Mrs. Epee specified a time period in which to help Mouloki move into her own home. Thus, a reasonable jury will not be able to find in favor of Plaintiff on the fraudulent misrepresentation claim. Judgment should be entered for Mrs. Epee on Count Eight.

## VII.     Count Nine Is Barred By The Statute Of Limitations And Also Fails Because The Related Claims Fail.

Count Nine alleges unjust enrichment as to both defendants. This claim fails for two reasons. First, it is barred by the statute of limitations pursuant to 735 ILCS 5/13-205. The statute of limitations for claims of unjust enrichment is five years. Plaintiff alleges that Defendants' conduct ended on or about December 9, 2007. The statute of limitations expired on December 9, 2012. She did not bring her complaint until July 21, 2014. Hence, judgment should be entered on behalf of Defendants.

---

[1] Mr. and Mrs. Epee contend that this money was given to help out Mouloki when she needed it. Mouloki contends that this money was wages. Either way, it is undisputed that Mr. and Mrs. Epee gave Mouloki cash.

This claim also fails as to certain allegations Plaintiff brings under the unjust enrichment theory. "If an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 570 (7th Cir. 2016) (*citing Cleary v. Philip Morris Inc.,* 656 F.3d 511, 517 (7th Cir. 2011)). Because many of Plaintiff's related claims fail, her related unjust enrichment claims fail too.

Plaintiff claims that Defendants were unjustly enriched because: (1) "Ms. Ekalle worked for Defendants for little to no compensation;" (2) "Defendant Eric Epee kept a portion of Ms. Ekalle's compensation in an alleged savings account that he did not provide her access or return to her;" and, (3) that "Defendants received the benefit of Ms. Ekalle's under paid [sic] labor through fraudulent and unconscionable conduct." *See,* Complaint, Exhibit 1 at ¶¶100 -102.

Plaintiff's first allegation supporting her claim of unjust enrichment ties directly to Counts Four, Five, and Six. To the extent that those counts are dismissed as to either defendant, the related unjust enrichment claim should be dismissed as well.

Plaintiff's second allegation supporting her claim of unjust enrichment ties directly to Count Seven. Because Count Seven should be dismissed, the related unjust enrichment claim should be dismissed as well.

Finally, Plaintiff's third allegation supporting her claim of unjust enrichment ties directly to Counts One through Eight. To the extent that those counts are dismissed as to either defendant, the related unjust enrichment claim should be dismissed as well.

15

VIII.   **This Court Should Decline To Exercise Supplemental Jurisdiction Over The State Law Claims If It Enters Judgment In Favor Of Defendants On All Federal Claims.**

"It is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). In the event the Court dismisses all of Mouloki's federal claims, the Court should refuse to exercise jurisdiction over the state claims.

## Conclusion

WHEREFORE, Defendants, Marie Paule Epee and Eric Ngando Epee, request that this Court grant their Motion For Partial Summary Judgment, and for such other and further relief as this Court deems just.

**DATED:**      January 16, 2017

                                        Respectfully submitted,

                                        **HENDERSON PARKS, LLC**

                            By:   /s/ Rebecca R. Kaiser
                                        One of the Attorneys For Defendants

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON PARKS, LLC**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2900
Facsimile: (312) 262-2901

16