**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, | ) |
| | ) No. 14 CV 5532 |
| | ) |
| Plaintiff, | ) |
| | ) Honorable Virginia M. Kendall |
| v. | ) |
| | ) |
| MARIE PAULE EPEE and ERIC NGANDO EPEE, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME Defendants, Marie Paule Epee and Eric Ngando Epee, by and through one of their attorneys, Rebecca R. Kaiser, and pursuant to Federal Rule of Civil Procedure 50(a), and move this Court for judgment as a matter of law on Counts Two and Three of her complaint. In support, Defendants state as follows:

## INTRODUCTION

Plaintiff rested her case-in-chief on July 13, 2017. *See,* Docket No. 223. Plaintiff has failed to present sufficient evidence for a jury to find in her favor on Counts Two and Three of her complaint. These counts allege that Defendants violated the Trafficking Victims Protection and Reauthorization Act ("TVPRA") pursuant to 18 U.S.C. §1589 and 18 U.S.C. §1590, respectively. Because Plaintiff did not present any evidence to show that Defendants forced her to work, *admitted* that Defendants never forced her to work, and *admitted* that she was free to move out of the Epee home at any time, Counts Two and Three fail as a matter of law.

1

## STANDARD OF REVIEW

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. Fed. R. Civ. P. 50(a)(1); *Winters v. Fru-Con Inc.*, 498 F.3d 734, 745- 746 (7th Cir. 2007). The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment motion. Looking to all of the evidence in the record, the Court must ask whether any reasonable jury could have found for the nonmoving party. *Hammer v. Residential Credit Sols., Inc*., No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 at *8 (N.D. Ill. Dec. 3, 2015).

## ARGUMENT

### I. Plaintiff Has Not Presented Sufficient Evidence For A Jury To Find In Her Favor On Count Two.

Count Two claims that Defendants held Plaintiff in violation of 18 U.S.C. §1589, which provides, in relevant part:

> (a) Whoever knowingly *provides or obtains the labor or services of a person by* any one of, or by any combination of, the following means—
> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
> (2) by means of serious harm or threats of serious harm to that person or another person;
> (3) by means of the abuse or threatened abuse of law or legal process; or
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint,
> shall be punished as provided under subsection (d).

(*Emphasis added.*) "No matter how unpleasant the work, or the conditions under which services are provided, the critical inquiry for the purposes of the TVPA is whether a person provides those services free from a defendant's physical or psychological coercion that as a practical matter eliminates the ability to exercise free will or choice." *Muchira v. Al-Rawaf,* No. 14 C 770, 2015 U.S. Dist. LEXIS 49806 at * 30 – 31 (E.D. Va. April 15, 2015) (*citing Untied States v. Booker*, 655 F. 2d 562, 566 (4th Cir. 1981)).

Plaintiff testified that she was *never* forced to watch the Epees' children. To the contrary, she testified that she watched them voluntarily because she loved them. She testified that she was not forced to clean the Epees' home. It was her choice to do so. She testified that no one forced her to live in the Epee home; she moved there and lived there voluntarily. Plaintiff did not testify or present any evidence showing that she was forced to perform any of the services she allegedly performed for the Epee family. She admitted that she was free to move out of the Epee home at any time.

Plaintiff further admitted that both before and after she came to live with the Epees, Mr. Epee never used physical force, threatened physical force, or restrained her. Mr. Epee never threatened Plaintiff's family. Mr. Epee never did, nor threatened to, call the police or immigration to have her arrested or deported. The one and only time Plaintiff ever heard Mr. Epee comment regarding immigration was a comment that she *overheard*, that was not directed toward her, and a comment in which Mr. Epee allegedly stated something about his *own* immigration documentation. This cannot be interpreted as a threat, much less a threat made in order to force Plaintiff to work, because it was not even a comment made to her.

With respect to Mrs. Epee, Plaintiff testified regarding a single incident involving a threat or force. Plaintiff testified that this incident occurred when Mrs. Epee was pregnant with her

youngest daughter, Kimora. Kimora was born on November 10, 2006. Thus, this event occurred at some point between February 2006 and November 2006 – after the parties had already lived together for four years. Because this is the one and only incident Plaintiff presented in which she claims she was threatened or physically contacted, at minimum, judgment should be granted in favor of the Epees for any alleged conduct prior to February 2006.

Plaintiff testified that the incident that allegedly gave rise to Mrs. Epee commenting about calling the police, raising her hand, and pushing Plaintiff, stemmed from an argument in which Plaintiff requested permission to travel to downtown Chicago. This argument was *not* about Plaintiff working or refusing to work. Further, no evidence has been presented to show that Mr. Epee knew anything about this alleged argument, much less condoned the alleged threat.

Plaintiff's own expert, Florence Burke, described human trafficking with respect to labor to encompass "compelled" labor, which she defined as labor performed "against one's will." This expert testimony further shows that Plaintiff has not, and cannot, meet her burden of proof to show that she was trafficked by the Epees.

Plaintiff has failed to produce any other evidence that can be construed to support a claim of trafficking. She has presented contested evidence that she worked for the Epees. She has presented contested evidence that Mrs. Epee threatened and pushed her. But she has failed to produce evidence connecting Mrs. Epee's disputed actions to Plaintiff's purported work in her home. Because the basis of a claim under 18 U.S.C. §1589 is being *forced* to work by physical or psychological coercion, Count Two fails as a matter of law.

## II. Plaintiff Has Not Presented Sufficient Evidence For A Jury To Find In Her Favor On Count Three.

Count Three claims that Defendants violated 18 U.S.C. §1590, which provides:

(a) Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person *for labor or services in violation of this chapter* shall be fined under this title or imprisoned not more than 20 years, or both. If death results from the violation of this section, or if the violation includes kidnapping or an attempt to kidnap, aggravated sexual abuse, or the attempt to commit aggravated sexual abuse, or an attempt to kill, the defendant shall be fined under this title or imprisoned for any term of years or life, or both.
(b) Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be subject to the penalties under subsection (a).

(*Emphasis added*.)

In order to establish liability, Plaintiff must prove that the Epees obtained her "for labor or services *in violation of this chapter*" 18 U.S.C. §1590(a) (*emphasis added*). "Obtaining the services of another person is not itself illegal; it is illegal only when accompanied by one of the three given circumstances [in §1589], and the jury must find that the defendant knew that the circumstance existed." *See, United States v. Calimlim*, 538 F.3d 706, 711 (7th Cir. 2008). Because Count Two fails, Plaintiff's trafficking claim under Count Three necessarily fails as well.

5

## CONCLUSION

WHEREFORE Defendants, Marie Paule Epee and Eric Ngando Epee, request that this Court grant judgment as a matter of law in favor of Defendants on Counts Two and Three of Plaintiff's Complaint, and for such other and further relief as this Court deems just.

**DATED**: July 14, 2017

        Respectfully submitted,
        HENDERSON PARKS, LLC

    By:    /s/ Rebecca R. Kaiser
        One of the Attorneys for Defendants

Victor P. Henderson
Rebecca R. Kaiser
HENDERSON PARKS, LLC
140 South Dearborn Street, Suite 1020
Chicago, IL 60603
Phone: 312-262-2900
Fax: 312-262-2901

## CERTIFICATE OF SERVICE

The undersigned, Rebecca R. Kaiser, an attorney, hereby certifies that **Defendants' Motion For Judgment As A Matter Of Law** was served on July 14, 2017, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General order on electronic Case filing (ECF), pursuant to the district court's ECF system as to the ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

    By:    /s/ Rebecca R. Kaiser
        HENDERSON PARKS, LLC
        140 South Dearborn, Suite 1020
        Chicago, IL 60603
        (312) 262-2900