IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARIE PAULE EPEE *et al.*, ) <br> ) <br> Defendants. ) | No. 14 C 5532 <br><br> Magistrate Judge Sidney I. Schenkier |

## REPORT AND RECOMMENDATION

Plaintiff Christine Ekalliipse Mouloki sued defendants Marie Paule Epee and Eric Ngado Epee, alleging that during the more than five years she lived with them and cared for their house and children, defendants violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), the Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collection Act (the "Wage Act"), and were liable for fraudulent misrepresentation, conversion and unjust enrichment in violation of state common law. *See Mouloki v. Epee*, No. 14 C 5532, 2017 WL 2831209, at *5 (N.D. Ill. June 29, 2017) (summary judgment opinion). A jury trial was held, and on July 18, 2017, the jury returned a verdict in favor of defendants on the TVPRA and fraudulent misrepresentation claims, but found in favor of plaintiff on her FLSA, Wage Act, conversion and unjust enrichment claims and awarded plaintiff monetary damages (doc. # 232: Verdict Form). The district judge entered judgment on July 18, 2017, but the judgment order did not set forth any damages amount, or indicate whether prejudgment interest would be included in the judgment (doc. # 230).

The verdict and entry of judgment triggered a flurry of overlapping motions. On July 21, 2017, plaintiff filed a motion seeking an award of statutory damages of two percent monthly

interest under the Wage Act (doc. # 233), and noticed the motion for presentment before the district judge on August 9, 2017 (doc. # 234). In the motion, plaintiff asked the district judge to award statutory damages of two percent for each month plaintiff's wages remained unpaid since she began working for defendants in May 2002; in the alternative, plaintiff asked that two percent statutory damages be added for each month starting in January 2011 (doc. # 233: Pl.'s Mot. to Award at 1). On July 28, 2017, prior to the presentment date, the district judge issued an order granting plaintiff's motion and striking the motion hearing set for August 9, 2017 (doc. # 235).

On August 12, 2017, plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 59 to amend the judgment against defendants to include: (1) the damages awarded by the jury; (2) statutory damages of two percent for each month plaintiff's wages remained unpaid since she began working for defendants in May 2002 through the date of judgment on July 18, 2017; and (3) prejudgment interest on plaintiff's unpaid wages and unjust enrichment damages (doc. # 236: Pl.'s Mot. to Amend at 1 and Ex. 1). Plaintiff noticed this motion for presentment on August 22, 2018 (doc. # 237). On August 18, 2017, defendants filed a motion to vacate the July 28, 2017 order (doc. # 247: Mot. to Vacate at 1-2), and noticed their motion for presentment on August 24, 2017 (doc. # 248). The district judge set briefing schedules for these motions (doc. # 251).

On October 27, 2017, post-judgment motions in this case were referred to this Court (doc. # 268).[1] The two pending post-judgment motions -- plaintiff's motion to amend the judgment (doc. # 236) and defendants' motion to vacate (doc. # 247) -- are now fully briefed. In addition, the parties have submitted further briefs with respect to plaintiff's motion to award

---

[1] Plaintiff also filed a bill of costs on August 17, 2017 (doc. # 245) and a motion for attorney's fees on October 17, 2017 (doc. # 261), both of which were included in the referral order. The Court will address those requests in a separate report and recommendation.

statutory damages (doc. # 233). Although the district judge granted that motion (doc. # 235), thus terminating it, it is the subject of defendants' motion to vacate. Because all of the motions and briefing address the issue of what monetary amounts should be set forth in the judgment order, we consider and address all of the arguments raised in the briefing.

For the reasons that follow, we respectfully recommend that defendants' motion to vacate (doc. # 247) be granted, and that plaintiff's motion to amend the judgment (doc. # 236) be granted in part and denied in part.[2]

### I.

We first address defendants' motion to vacate the July 28, 2017 district court order. Two weeks earlier, before trial, the district judge had issued an order postponing ruling on the two percent statutory damages issue:

> To the extent that the parties dispute the applicability of the 2% penalty and its retroactive nature, the Court prohibits arguments on the legal application of the penalty under the IWPCA but will permit the two experts to calculate the penalty. Since it is a legal determination, the Court will address the issue after further legal briefing which shall be filed on or before 7/21/17. If the jury returns a verdict with the 2% calculation, the Court will take the verdict on this issue as an advisory verdict.

(doc. # 224: 07/13/2017 Order). On July 21, 2017, plaintiff filed her motion to award statutory damages of two percent per month under the Wage Act, and the July 28 order granted that motion (doc. # 235). As explained above, plaintiff subsequently filed a motion to amend the judgment to reflect an award of two percent monthly statutory damages, but the district judge did not rule on that motion or amend the judgment.

---

[2] Defendants have filed a notice of appeal to the Seventh Circuit from the entry of final judgment on July 18, 2017 (doc. # 242). The Seventh Circuit has suspended briefing on the appeal pending a "further status report regarding the disposition of plaintiff-appellee's post-judgment motions" (see 7th Cir. Ct. of App. Case No. 17-2676, doc. # 17). In their most recent status report to the Seventh Circuit, defendants stated that "[t]he two post-trial motions filed by Plaintiff, seeking to amend the judgment, remain pending" before the magistrate judge (Id., doc. # 16). As explained above, we address the post-trial motions filed by both plaintiff and defendants in this report and recommendation.

3

## A.

Defendants do not indicate under what federal rule they have brought their motion to vacate the July 28 order, so we must determine "what sort of animal" defendants' motion is. *Barnett v. Neal*, 860 F.3d 570, 573 (7th Cir. 2017). In her opposition to the motion to vacate, plaintiff assumes that defendants brought their motion pursuant to Federal Rule of Civil Procedure 60(b), which applies only to motions seeking relief from final judgments or orders (doc. # 253: Pl.'s Opp'n to Mot. to Vacate at 2); *see also* Fed. R. Civ. P. 60(b) (enumerating grounds for relief from a final judgment, order or proceeding). Here, however, the judgment entered on the jury verdict did not include damages, and despite the July 28 order granting plaintiff's motion to award two percent statutory damages, the judgment has not been amended to include this award. Therefore, the July 28 order -- which defendants seek to vacate -- is not a final order. *See, e.g., Feldman v. Olin Corp.*, 692 F.3d 748, 758 (7th Cir. 2012) (district court's grant of motion for sanctions was non-final where it explicitly reserved the calculation of fees).

As a result, we review defendants' motion to vacate under Federal Rule of Civil Procedure 59(e). Non-specific motions for reconsideration such as defendants' motion are considered under Rule 59(e). *See Taylor v. Brown*, 787 F.3d 851, 855 (7th Cir. 2015); *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). Rule 59(e) allows a court to alter or amend an order if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 506 (7th Cir. 2016) (internal citations and quotations omitted).

## B.

Defendants argue that the Court should grant their motion to vacate so that they may be heard on plaintiff's motion to award statutory damages (Mot. to Vacate at 2), because it would be an error of law to add to the judgment an award of two percent statutory damages (doc. # 272: Defs.' Resp. to Pl.'s Mot. to Amend). Plaintiff, however, asks the Court to give defendants no quarter. She argues that defendants should not have the opportunity to brief the merits of the issue because on July 21, 2017, defendants "fail[ed] to submit further briefing on the IWPCA 2% penalty issue, as requested by the Court" (Pl.'s Opp'n to Mot. to Vacate at 2). Plaintiff also suggests defendants waited too long (three weeks) before filing their motion to vacate (*Id.*). We disagree with plaintiff.

*First*, defendants' motion to vacate was timely filed under Rule 59(e), as it was filed within 28 days of the July 28, 2017 order. Thus, while we are surprised by (and do not endorse) defendants allowing three weeks to pass before filing a motion to vacate an order that would lead to a substantial increase in the judgment amount, we do not find the motion untimely under the rules.[3]

*Second*, defendants contend that they had reasonably interpreted the district court's July 13 order as directing that "additional briefing would proceed as briefing normally proceeds, with the proponent filing a motion and the opposing party responding," rather than requiring simultaneous briefing on July 21, 2017 (doc. # 250: Defs.' Reply in Supp. of Mot. to Vacate at 1). In support of the reasonableness of that interpretation, defendants note that plaintiff did not simply file a brief on the two percent statutory damages issue, as one might expect if plaintiff

---

[3] Plaintiff also contends that defendants must establish "excusable neglect" under Rule 60(b)(1)(B) for missing the "deadline" of July 21 to file a brief on the merits of the two percent statutory damages issue (Pl.'s Reply in Supp. of Mot. to Award at 2-4). For the reasons explained above, we disagree that defendants missed a "deadline" to brief the merits of this issue, and they do not need to meet the Rule 60(b) standards in their motion to vacate.

had read the July 13 order to require simultaneous briefs on July 21. Rather, she filed a motion on July 21, and noticed it for presentment on August 9, 2017 (*Id.*). In addition, defendants argue that there would be no prejudice to plaintiff in vacating the July 28 order to allow defendants to respond -- and the Court to rule -- on the merits of the issue concerning the award of the two percent damages under the Wage Act. To the contrary, defendants say they would face the prospect of having the jury's award erroneously increased by several hundred thousand dollars if they are not given the opportunity to brief the issue (*Id.* at 1-2).

District courts have broad discretion to reconsider or revise a non-final order at any time prior to entry of final judgment. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (internal quotations omitted); *Galvan v. Norberg*, 678 F.3d 581, 586-87 (7th Cir. 2012). "During the course of litigation, . . . district courts need no special authority to revisit their rulings; indeed, the purpose of contemporaneous objection rules is to allow them to fix problems promptly, thereby avoiding wasteful appeals. If there was no final judgment, the court needed no special authority to reconsider its earlier decision." *Lightspeed*, 830 F.3d at 505.

Here, we respectfully recommend that the district judge use her discretion to grant defendants' motion to vacate. While the district judge entered final judgment on the jury verdict on July 18, 2017, she did *not* include in that judgment an award of two percent statutory damages. It would be unfairly prejudicial to deny defendants the opportunity to present legal argument on an issue that could increase their liability by hundreds of thousands of dollars, especially because, as we explain below, we conclude that defendants' argument on the two percent statutory damages issue has merit. Moreover, plaintiff has not alleged that she would face any prejudice in allowing defendants to provide substantive briefing on the issue. Accordingly, we respectfully recommend that the district judge grant defendants' motion to

vacate the July 28 order, and address on the merits the arguments as to whether the Wage Act authorizes imposition of two percent monthly statutory damages.[5]

## II.

Turning to the merits, we address in turn the following issues raised in the motions and briefing: (1) whether imposing two percent damages would constitute an improper retroactive application of the Wage Act; (2) whether, apart from statutory damages under the Wage Act, plaintiff is entitled to an award of prejudgment interest; and (3) the correct amount, based on the jury verdict, that should be entered into the judgment order.

### A.

In July 2010, the Wage Act was amended to allow an employee to recover, in addition to the amount of underpayments of wages and compensation, "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 115/14(a). The effective date of that provision was January 1, 2011. *See* Pub. Act 96-1407, sec. 10.[6]

Plaintiff's period of employment with defendants -- from May 8, 2002 until December 9, 2007 -- began and ended well before the effective date of the Wage Act amendment (Pl.'s Mot. to Award at 1). Nevertheless, plaintiff argues that she is entitled to an award of two percent per

---

[5]Plaintiff argues that if the district judge reverses her order granting two percent statutory damages under the Wage Act, plaintiff should be awarded her attorneys' fees and costs incurred in preparing the motion to amend the judgment (doc. # 258: Pl.'s Reply in Supp. of Mot. to Award at 4 n.3). We recommend that this request be denied. Wholly apart from litigating the issue of whether plaintiff is entitled to statutory damages under the Wage Act, it was necessary for plaintiff to file a motion to amend the judgment to include a monetary award, because the judgment did not include one. Moreover, the motion to amend the judgment does not focus on the issue of statutory interest under the Wage Act, but rather on the question of whether prejudgment interest also should be awarded. Thus, we do not agree that defendants inflicted on plaintiff any unnecessary cost with their legal filings.

[6]Plaintiff states that before 2011, the Wage Act required employers to pay a percentage of unpaid wages to the employee so long as the wages remained unpaid (Mot. to Award at 5 n.1). This statement of the prior law is incomplete. Prior to the 2010 amendment, the Wage Act provided for an award of one percent penalty per day -- but only if the failure to pay was in disregard of a demand by the Illinois Director of Labor or in violation of a court order. 820 ILCS 115/14(b).

month statutory damages because the amendment to the Wage Act providing for this penalty applies retroactively, *i.e.*, to conduct that occurred or to causes of action that arose before the amendment was adopted (*Id.* at 3-8).[7] Defendants argue that the amendment should not apply retroactively, and that as a result, two percent in statutory damages should not be added to the judgment (doc. # 252: Defs.' Resp. to Mot. to Award at 3-12).

In Illinois, there is "a presumption" that an amended statute should not be applied retroactively. *People ex rel. Madigan v. J.T. Einoder, Inc.*, 28 N.E.3d 758, 765-66 (Ill. 2015). Beyond this presumption, in determining whether an amendment to a statute applies prospectively or retroactively, Illinois follows the United States Supreme Court's analysis in *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). *See People ex rel. Alvarez v. Howard*, 72 N.E.3d 346, 352-53 (Ill. 2016). Under that analysis, if the legislature clearly indicates the temporal reach of the amended statute, that expression of legislative intent must be given effect, absent a constitutional prohibition. *Howard*, 72 N.E.3d at 352-53. "[A] statute that has an express delayed implementation date but is otherwise silent as to temporal reach will be applied prospectively." *Id.* at 354. Where the temporal reach of an amended statute is not clearly expressed, a court must determine whether the amendment would have a retroactive impact; if so, the court presumes that the legislature intended the amendment to apply only prospectively. *Id.* at 352. In Illinois, this determination is governed by Section 4 of the Statute on Statutes, 5 ILCS 70/4, which provides that substantive amendments to statutes are to be applied prospectively only, but procedural amendments may be applied retroactively. *Einoder*, 28 N.E.3d at 765-66.

---

[7] Plaintiff also argues that defendants waived or forfeited any argument that the two percent statutory damages should not apply in this case (Pl.'s Mot. to Award at 2-3; Pl.'s Reply in Supp. of Mot. to Award at 1-2). We disagree. The July 13 order and the jury instructions (*see* doc. # 231: Jury Instructions, p. 30) made clear that the two percent statutory damages issue was to be addressed after trial, and the verdict form used at trial did not mention the issue.

Applying *Howard*, we conclude that the 2010 amendment to the Wage Act, providing for imposition of the two percent per month penalty, does not apply in this case. There are two bases for this conclusion.

### 1.

*First*, two Illinois appellate court decisions recently have held that under *Howard*'s retroactivity analysis, the 2010 amendment to the Wage Act has an "express delayed implementation date" -- January 2011 -- that constitutes "clear evidence that [the Illinois legislature] intended that the amendment be applicable only to proceedings commenced on or after the date it became effective." *Sommese v. Am. Bank & Tr. Co., N.A.*, -- N.E.3d --, 2017 WL 1838724, at *3 (Ill. App. May 5, 2017); *Gilmore v. Carey*, 74 N.E.3d 34, 42 (Ill. App. 2017) ("the General Assembly expressly stated that, even though the bill was signed in July 2010, it was not effective until January 2011"). Accordingly, in *Sommese*, the court held that application of the two percent statutory damages would constitute an improper retroactive application of the amendment where the plaintiff's employment with defendant ended before the effective date of the amendment. *Sommese*, 2017 WL 1838724, at *3.[8]

The decisions in *Sommese* and *Gilmore* are directly on point here. Plaintiff's employment with defendants ended in 2007, so her cause of action for damages under the Wage Act accrued prior to the effective date of the amendment. As the 2010 amendment to the Wage Act is not retroactive, plaintiff is not entitled to an award of the two percent statutory damages remedy created by that amendment.

Plaintiff argues that *Gilmore* and *Sommese* misapplied *Howard* and *Einoder*, and erroneously concluded that the 2010 amendment to the Wage Act contains a temporal limitation,

---

[8]Similarly, in *Gilmore*, the Illinois Appellate Court held that an attorney fee provision that was added to the Wage Act at the same time as the two percent statutory penalty -- but whose effective date was also expressly delayed until January 2011 -- did not apply retroactively. *See Gilmore*, 74 N.E.3d at 42.

*i.e.*, "an effective date provision" (Pl.'s Mot. to Award at 4-8; doc. # 258: Pl.'s Reply in Supp. of Mot. to Award at 5-7). We are not persuaded.

Contrary to plaintiff's argument, this is not a situation where the effective date of the amendment was delayed by automatic operation of Section 1(a) of the Effective Date of Laws Act, 5 ILCS 75/1 (Pl.'s Mot. to Award at 7). The Effective Date Act provides a default effective date for a bill passed before June 1 that does *not* provide for an effective date of the bill. 5 ILCS 75/1(a). However, defendants have offered evidence that the law contained an express effective date of January 1, 2011 (Defs.' Resp. to Mot. to Award, Ex. 1). While plaintiff quarrels with the strength of that evidence, she does not effectively rebut the conclusions of two Illinois appellate court decisions that the General Assembly expressly provided for an effective date of January 2011 because "the General Assembly did not even want the amendment to be effective from July 2010 to January 2011." *Gilmore*, 74 N.E.3d at 42; *Sommese*, 2017 WL1838724, at *3 (quoting *Gilmore*).[8]

### 2.

*Second*, we conclude that even if the 2010 amendment to the Wage Act did not have an express delayed implementation date, it could not be applied retroactively because the amendment was substantive and not merely procedural. "Procedure is the machinery for carrying on the suit," while "a substantive change in the law establishes, creates or defines rights." *Thomas v. Weatherguard Const. Co.*, 42 N.E.3d 21, 37 (Ill. App. 2015) (internal citations and quotations omitted). In *Thomas*, the appellate court concluded that the portion of the 2010

---

[8]Plaintiff attached to her reply a document purporting to be an Illinois Bill Drafting Manual from December 2012 and a PDF copy of the 2010 amendments to the Wage Act (Pl.'s Reply in Supp. of Mot. to Award, Exs. C and D). She contends that because the PDF copy of the 2010 amendments to the Wage Act does not follow the December 2012 suggested drafting techniques for expressing effective dates in statutory amendments, the 2010 amendments must not have expressed an effective date provision (*Id.* at 7). We do not consider guidelines for drafting bills in December 2012 to be persuasive evidence of what an amendment drafted in 2010 should look like, or a sound reason to disregard the recent Illinois appellate court decisions in *Gilmore* and *Sommese*.

amendment addressing attorneys' fees was not substantive, as it "merely changed the source of the statutory authority for a remedy that was already available to claimants." *Id.* at 39. However, with respect to the portion of the 2010 amendment adding the provision for two percent statutory damages, the appellate court reached a different result. The court reasoned that "when an amendment to a law creates a new liability, unavailable under the previous version of the law, that new liability is a substantive change." *Id.* The *Thomas* court concluded that the two percent monthly statutory damages provision ushered in by the 2010 amendment was a new potential liability that did not previously exist under Illinois law, and thus, that it was a substantive change in the law and could not be applied retroactively. *Id.*

Plaintiff argues that we should disregard *Thomas* because it is inconsistent with the Illinois Supreme Court decision in *Einoder*, 28 N.E.3d 758 (Pl.'s Mot. to Award at 5-6). We disagree. In *Einoder* -- a decision which *Thomas* discussed at length and upon which it relied -- the Illinois Supreme Court held that an amendment to the Illinois Environmental Protection Act allowing the State to seek a mandatory injunction to address past violations was substantive in nature, and thus could only be applied prospectively. *Einoder*, 28 N.E.3d at 766-67. In reaching that conclusion, the court rejected the argument that the amendment was procedural because it only addressed remedies, and explained that the amendment was substantive because it created a new type of liability for the defendants' past conduct that was not previously available, and thus it could not be applied retroactively. *Id.* Plaintiff's suggestion that imposition of new and enhanced damages is a remedy that cannot be a substantive change in the law is contrary to the analysis in *Einoder*, as well as to Illinois Supreme Court decisions both before and after the *Einoder* decision. *See, e.g. Howard*, 72 N.E.3d at 352 (a statute has retroactive impact if it would

"increase a party's liability for past conduct") (quoting *Commonwealth Edison Co. v. Will County Collector*, 749 N.E.2d 964, 971 (Ill. 2001), and *Landgraf*, 511 U.S. at 280).[10]

Plaintiff urges this Court to disregard these recent Illinois state court decisions and adopt instead the reasoning in an earlier district court opinion, *Brandl v. Superior Air-Ground Ambulance Serv., Inc.*, No. 09-6019, 2012 WL 7763427, at *2 (N.D. Ill. Dec. 7, 2012), which held that the 2010 amendment to the Wage Act was procedural and thus should be applied retroactively (Pl.'s Mot. to Award at 3-4). We decline to do so. *Brandl* was decided in 2012, before the Illinois appellate courts had weighed in on the question of the temporal application of the 2010 amendment. Thus, the *Brandl* court did not have the benefit of the decisions explaining why the 2010 amendment included a temporal limitation, and why the creation of increased liability for past conduct in the 2010 amendment is substantive under Illinois law.

"Our task as a federal court interpreting state law is to determine how the state's highest court would rule." *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017), as amended (Apr. 13, 2017) (internal quotations omitted). As the discussion above shows, Illinois appellate courts agree that the 2010 amendment to the Wage Act adding the two percent statutory damages provision may not be applied retroactively in light of the recent Illinois Supreme Court rulings in *Howard* and *Einoder*. We find the reasoning in these cases to be persuasive evidence that the Illinois Supreme Court would only apply the 2010 amendment

---

[10]Plaintiff also argues that *Thomas* and *Sommese* should not be followed because they are "inconsistent" with each other and applied different analyses in concluding that the 2010 amendment could not be applied retroactively (Pl.'s Mot. to Award at 7). We disagree. *Thomas* is not at odds with the conclusion in *Sommese* that the 2010 amendment includes a temporal limitation on its application; rather, the *Thomas* court had no occasion to consider that question because the parties in that case did not raise it. *Thomas*, 42 N.E.3d at 38; *see also Gilmore*, 74 N.E.3d at 42 (stating that the *Thomas* court "was at a disadvantage" because the parties had agreed that the 2010 amendment to the Wage Act did not specify the temporal reach of the amended statute).

prospectively. Accordingly, we respectfully recommend that the portion of plaintiff's motion to amend that seeks to add two percent in statutory damages to the judgement be denied.[11]

### B.

We next address plaintiff's motion to amend the judgment to award prejudgment interest on her unpaid wages and unjust enrichment damages in the amount of $66,306.35, which is compound interest of five percent per year on $75,460.00 in unpaid wages (Pl.'s Mot. to Amend at 3 and n.2). In her reply brief, plaintiff concedes that prejudgment interest is not available on her FLSA claim because she was awarded liquidated damages on that claim (doc. # 280: Pl.'s Reply in Supp. of Mot. to Amend at 4). That concession was necessary, given governing Seventh Circuit precedent. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999) (holding that "the FLSA does not permit successful plaintiffs to obtain prejudgment interest in addition to liquidated damages because that would enable them to obtain double recovery"). Nevertheless, plaintiff argues that she is entitled to prejudgment interest on the jury verdict on her Wage Act and unjust enrichment claims (Pl.'s Reply in Supp. of Mot. to Amend at 4).

### 1.

Initially, we consider the standard that governs our determination of whether to award prejudgment interest on plaintiff's unjust enrichment and Wage Act claims. The parties offer conflicting standards. In her motion, plaintiff argues that prejudgment interest "should be presumptively available to victims of federal law violations" (Pl.'s Mot. to Amend at 3-4), but she has since conceded that she may not recover prejudgment interest on her one remaining federal claim. Plaintiff also seeks prejudgment interest under the Illinois Interest Act, 815 ILCS

---

[11] We likewise recommend that plaintiff's alternative request that two percent monthly statutory damages be awarded beginning with the effective date of the amendment in January 2011 (Pl.'s Mot. to Award at 8) be denied. "[T]here is nothing in the language of the statute that would allow a court to apply the amendment only to that portion of time for which plaintiff remained unpaid after the effective date of the amendment." *Sommese*, 2017 WL 1838724, at *3.

205/2 (*Id.*), but in her reply, she states that this state law is "not essential to recover prejudgment interest" on her Wage Act claim in light of various federal cases (Pl.'s Reply in Supp. of Mot. to Amend at 4). For their part, defendants contend -- incorrectly -- that plaintiff may not recover prejudgment interest because the Illinois Interest Act "applies to instruments of writing, not to all actions generally" (Defs.' Resp. to Mot to Amend at 3-4). Neither side sets forth the correct standard that the Court must use to determine whether to award prejudgment interest here.

"Where state law claims come before a federal court on supplemental jurisdiction, as they do in this case, the award of prejudgment interest rests on state law." *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 133-34 (4th Cir. 2015) (citing *Mills v. River Terminal Ry. Co.*, 276 F.3d 222, 228 (6th Cir. 2002); *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1126 (10th Cir. 2003)); *see also Aker v. Americollect, Inc.*, 854 F.3d 397, 400 (7th Cir. 2017) ("State law is the right source for determining interest on a state-law debt"). Therefore, we apply Illinois law to the question of whether plaintiff may recover prejudgment interest.

In Illinois, "[a]s a general rule, prejudgment interest is recoverable only where authorized by the agreement of the parties or by statute. An exception exists in proceedings brought in equity. In such cases, a court may be justified in awarding interest based on equitable grounds." *Kouzoukas v. Ret. Bd. of Policemen's Annuity & Benefit Fund of City of Chicago*, 917 N.E.2d 999, 1015 (Ill. 2009) (internal citations omitted). The two claims upon which plaintiff seeks prejudgment interest -- the Wage Act and unjust enrichment -- are both claims at law. Although the theory of unjust enrichment has been described as something of a blend of an action at law and a proceeding in equity ("an action at law governed by principles of equity"), where the plaintiff seeks only money damages under an unjust enrichment theory, the plaintiff's action is one at law. *See Sundance Homes, Inc. v. Cty. of DuPage*, 746 N.E.2d 254, 263 (Ill. 2001); *C.*

*Szabo Contracting, Inc. v. Lorig Const. Co.*, 19 N.E.3d 638, 651 (Ill. App. 2014). Where the plaintiff seeks only money damages, as here, Illinois courts do not apply equitable considerations to the question of prejudgment interest. *See Nature Conservancy v. Wilder Corp. of Delaware*, 656 F.3d 646, 650 (7th Cir. 2011) (Illinois law); *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 411-12 (2006) (Illinois courts have declined to apply rules governing equitable awards of prejudgment interest to cases at law).

Because the parties in this case have not contracted for, or otherwise agreed to the recovery of prejudgment interest, the only possible basis for plaintiff to recover prejudgment interest in this case is statutory. *Goldfine v. Barack, Ferrazzano, Kirschbaum & Perlman*, 18 N.E.3d 884, 894-95 (Ill. 2014). The Wage Act does not authorize the imposition of prejudgment interest. Thus, we turn to whether plaintiff is entitled to prejudgment interest under the Illinois Interest Act.

### 2.

The Illinois Interest Act provides, in relevant part, that a creditor shall be allowed to receive prejudgment interest "at the rate of five (5) per centum per annum for all moneys after they become due on any . . . instrument of writing; . . . ; and on money withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2. The parties do not dispute that there is no instrument of writing here. Thus, we consider whether prejudgment interest is available under the "unreasonable and vexatious delay" prong of the Illinois Interest Act.

Where prejudgment interest is sought on the "ground of unreasonable and vexatious delay" of payment, "it must be demonstrated that the debtor had thrown obstacles in the way of collection or by some circumvention or management of his own had induced the collector to delay taking proceedings to collect the debt longer than he would have otherwise done."

15

*Chandra v. Chandra*, 53 N.E.3d 186, 207 (Ill. App. 2016) (internal quotations omitted). Where a "delay in payment was a result of litigation" or "merely conducting a defense, where there is an honest dispute as to the existence of a legal obligation," a party is not entitled to prejudgment interest due to unreasonable and vexatious delay. *In re Estate of Feinberg*, 6 N.E.3d 310, 347-48 (Ill. App. 2014) (internal quotations omitted). Put another way, "the argument of a good faith dispute could be considered in determining whether prejudgment interest should be awarded." *Chandra*, 53 N.E.3d at 209.

Here, plaintiff contends that defendants' delay in paying her wages was unreasonable and vexatious because "they received the benefit of her services for five and one half years, and paid her at most $350 per month" (Pl.'s Mot. to Amend at 4). While the jury ultimately found that defendants owed plaintiff certain damages for unpaid wages, plaintiff puts forward no evidence that the delay was any more than "an honest dispute as to the existence of a legal obligation." *Feinberg*, 6 N.E.3d at 347-48. Plaintiff has not shown that the jury found defendants' delay in payment was unreasonable or vexatious, as necessary to show she is entitled to prejudgment interest under the Illinois Interest Act.[11] Accordingly, we respectfully recommend that the district judge deny plaintiff's claim for prejudgment interest.

C.

Finally, we turn to the amount of the FLSA jury verdict that should be included in the judgment. The verdict form required the jury to make separate findings on the FLSA claims

---

[11] We do not infer a finding of vexatious or unreasonable delay from the jury's award of liquidated damages under the FLSA. The jury instructions did not discuss the matter of liquidated damages under the FLSA, and thus the liquidated damages award cannot be linked to any instruction requiring the jury to find that defendants acted with any particular state of mind in order to award those damages. Likewise, the verdict form did not ask the jury to make any findings in determining whether to award liquidated damages other than a violation of the FLSA and the amount of damages for the failure to pay minimum wage and overtime. Once those findings were made, the verdict form asked "what liquidated damages do you [the jury] award to Plaintiff (sum of withheld minimum wage/overtime)?" (Verdict Form, ¶¶ 3(a) and 3(b)). The jury's award of liquidated damages against each defendant was the sum of those amounts (*Id.*).

against each defendant. Against Marie Epee, the jury awarded a total amount of FLSA damages of $75,460.00 (Verdict Form, ¶ 3(a)), and the jury separately awarded the same amount of FLSA damages against Eric Epee (*Id.*, ¶ 3(b)).[13]

The parties differ in their interpretation of this verdict. Plaintiff asserts that the jury awards against each defendant should be added together, for a total award on the FLSA claims of $150,920.00 (*see* Pl.'s Mot. to Amend at 4). Defendants argue that the FLSA verdicts should be read as being imposed on them "jointly and severally," for a total jury award of $75,460.00, for which each defendant is fully responsible (Defs.' Resp. to Pl.'s Mot. to Amend at 6-7). We note that defendants' argument changes course from the earlier position they set forth in the Motion to Vacate, where they asserted that the jury verdict awarded a total of $156,688.00 (of which $150,920.00 was FLSA damages) (Mot. to Vacate at 2).[14] In any event, we do not find defendants' current argument persuasive.

Defendants rely on a jury instruction that stated: "[i]f you determine that Eric and Marie Epee are Plaintiff's joint employers, then both Eric and Marie Epee are individually and jointly responsible for any violations of the FLSA" (Defs.' Resp. to Pl.'s Mot. to Amend at 6; doc. # 231: Jury Instructions, p. 35). However, the verdict form never asked the jury to determine whether defendants were "joint employers," and the jury instruction cited by defendants would only apply *if* they were joint employers (Pl.'s Reply in Supp. of Mot. to Amend at 3). Despite the parties' opposing assertions that they can divine the collective mind of the jury on this point, we

---

[13] The verdict form required the jury to make separate findings against each defendant for each of the claims against them. As with the FLSA claim, the jury separately awarded the same amount of damages for conversion ($384.00) and unjust enrichment ($2,500.00) against Marie Epee as against Eric Epee (Verdict Form, ¶¶ 6(a), 6(b), 7(a), 7(b)). Defendants do not dispute that the jury awarded plaintiff a total of $768.00 in damages for conversion and $5,000.00 in damages for unjust enrichment.

[14] Likewise, in their response to plaintiff's motion to award the two percent statutory damages, defendants stated that plaintiff sought to "triple the unpaid wages of $75,460," not the unpaid wages of $37,730.00 (Defs.' Resp. to Mot. to Award at 5).

cannot indulge such an assumption. We can only go on what the jury said. And here, on the verdict form, the jury said it awarded $75,460.00 in FLSA damages against each defendant.

In sum, we find no basis to conclude that the jury did not mean what it said when it returned separate awards of FLSA damages totaling $75,460.00 against each defendant. Thus, we respectfully recommend that the judgment be amended to include a total of $150,920.00 in FLSA damages.

## CONCLUSION

For the foregoing reasons, we respectfully recommend that the district judge grant defendants' motion to vacate (doc. # 247). In addition, we respectfully recommend that the district judge partially grant plaintiff's motion to amend the judgment (doc. # 236), to add the award of damages determined by the jury, in the following amounts:

> (1) A total of $78,344.00 in damages against defendant Marie Epee ($37,730.00 in unpaid wages for violations of the FLSA; $37,730.00 in liquidated damages for violations of the FLSA; $0.00 in damages for violations of the Wage Act; $384.00 in damages for conversion; and $2,500.00 in damages for unjust enrichment); and
>
> (2) A total of $78,344.00 in damages against defendant Eric Epee ($37,730.00 in unpaid wages for violations of the FLSA; $37,730.00 in liquidated damages for violations of the FLSA; $0.00 in damages for violations of the Wage Act; $384.00 in damages for conversion; and $2,500.00 in damages for unjust enrichment).

We respectfully recommend that plaintiff's requests for a two percent statutory damages award under the Wage Act and prejudgment interest both be denied.

Specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specific time will result in a waiver of the right to appeal all findings—factual and legal—made by this Court in the Report and

Recommendation. *See Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004) (citing *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)).

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

DATE: January 8, 2018