IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 14 CV 5532 ) |
| MARIE PAULE EPEE and ERIC NGANDO EPEE, | ) ) ) |
| Defendants. | ) ) |

**OBJECTION TO REPORT & RECOMMENDATION**

Defendants object to the amount awarded Plaintiff for attorneys' fees and costs in the Magistrate Judge's Report and Recommendation. (Dkts. 283, 284). Defendants believe that the award of fees and costs should be reduced under the prevailing legal standards.

**Argument**

Defendants object to the Report and Recommendation's conclusions: (1) that rates higher than those for unpaid wage cases should be applied; (2) that the hours expended should not have been further reduced, as necessary or duplicative; and (3) that the lodestar should not have been reduced further to account for limited success and over-litigation. (Dkt. 284.)

1. **Lower Hourly Rates For FSLA Cases Should Be Applied.**

The Report and Recommendation adopts the rates the Magistrate Judge previously used in connection with a discovery motion. Those rates, however, were

determined when human trafficking claims were at issue. In that decision, the Magistrate Judge equated the human trafficking claims with civil rights work, which charges higher hourly rates. *See Mouloki v. Epee*, No. 14 C 5532, 2017 U.S. Dist. LEXIS 99352, at *8-9 (N.D. Ill. June 27, 2017). The Report and Recommendation found that the hourly rates for the post-trial fee petition should still consider civil rights work. (Dkt. 284, pg. 5.) That was error. First, the post-trial fee petition is basely solely on the wage claim fee shifting provisions, so rates should be limited to the basis for the fee shifting. Moreover, rates for civil rights work should not be considered because the Defendants prevailed on the human trafficking claims and Plaintiff cannot move for an award of fees based on those claims. The Report and Recommendation erred in applying higher hourly rates for work on claims where the Defendants prevailed.

The application of higher rates was incorrect becauset the rates for unpaid wage cases are lower than for other types of work. "Hourly rates awarded in non-FLSA overtime cases are not particularly relevant as evidence of Rossiello's market rate in this case because the reasonable hourly rate is capped at the prevailing market rate for attorneys engaged in FLSA work." *Spegon v. Catholic Bishop of Chi.,* 175 F.3d 544, 555 n.6 (7th Cir. 1999); *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001) ("Judges in the Northern District have also noted that FSLA cases are less complex than Title VII and other employment-related civil rights litigation."). FLSA cases are not as complex as civil rights cases and the rates from one type of case should not be used for the other. *See Holyfield*

*v. Quinn & Co.,* No. 90 C 507, 1991 U.S. Dist. LEXIS 5293 at *1, (N.D. Ill. April 22, 1991) ("Issues under the FLSA are not unusually complicated or beyond the capability of an attorney of average ability."). The Report and Recommendation erred in using rates that are significantly above the prevailing rates for wage cases.

The top rate for lawyers experienced on wage cases is around $425 an hour. *See Johnson v. G.D.F., Inc.*, No. 07 C 3996, 2014 U.S. Dist. LEXIS 14446, at *71 (N.D. Ill. Feb. 5, 2014) (finding $425 to be a reasonable hourly rate for an attorney with 42 years of FLSA experience and referencing other cases with similar or lower rates). The hourly rates for junior lawyers with FSLA experience range from $225 to $300. *See Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F.Supp.3d 723, 735 (N.D. Ill. 2015) ("In addition, a recent survey of FLSA cases in *Johnson* revealed that associates received an hourly rate ranging from $225 to $300."). No more than $100 an hour is appropriate for paralegals. *Id.* at 736 ("Outside the FLSA context, a 2012 opinion from the Northern District of Indiana found that $100 is the standard hourly rate awarded to law clerks and paralegals in both the Northern District of Illinois and the Northern District of Indiana."). Applying the market rates in wage cases, the rates for Plaintiff's counsel should be between $425 and $225 for lawyers and $100 for paralegals.[1]

**2.    The Reductions For Excessive Hours Were Inadequate.**

The Report and Recommendation concluded that the hours spent by

---

[1] $425 for Trish Higgins; $350 for Steven J. Frink; $300 for Johanna Jacob; $225 for Alex Fields, and $100 for Noah Court.

Plaintiff's counsel – over 2,200 – are excessive.[2] (Dkt. 284, pg. 6.) The Report and Recommendation did not deduct as many hours, concluding that Defendants' objections should have been more specific. This places the burden on the wrong party. Plaintiff's counsel was obligated to go through and scrutinize the entries before submitting the petition. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (holding that moving counsel has an obligation "to make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."). That clearly was not done. The fee petition included numerus blank entries, vague two-word entries, and entries that specifically reference the non-prevailing claims (TVPA or TVPRA). This should have resulted in an across-the-board reduction. *Lizak v. Great Masonry*, No. 08 C 1930, 2010 WL 3001906, at *4 (N.D. Ill. July 29, 2010) (explaining that where a party has "failed to exclude or otherwise tailor unreasonable time entries, the district court may reduce the number of hours accordingly").

Moreover, the format of Plaintiff's summary – a single-spaced 19-page table that was not sorted by date and contained block billing entries – made the substantial duplication of work less obvious and created difficulty identifying offending entries. Fee petitions are not supposed to create satellite litigation, and Defendants' highlighting of entries of the non-compensable entries should have been sufficient. (*See In Camera* Exhibit.) The Report and Recommendation should have excluded all the highlighted entries based on the prevailing legal standards.

---

[2] Plaintiff's counsel actually spent over 2,708 hours on the case, but sought a lesser amount.

### 3. <u>The Lodestar Should Have Been Reduced Further.</u>

The Report and Recommendation concluded the lodestar should be reduced by 40%, but not further. (Dkt. 284, pg. 22). Even with a 40% reduction, a $460,000 fee award on a verdict of $75,000 is still excessive at more than six times the recovery. As the Report and Recommendation notes, Plaintiff's counsel would have received less than $40,000 had they taken this case on contingency. Considering that the basis for the fee award is FSLA and that this case could have been litigated with far less cost, the reduction to the lodestar should have been at least 50%.

### 4. <u>Costs Should Have Been Reduced or Borne by Plaintiff.</u>

Finally, the Report and Recommendation awarded the full amount of costs sought, despite the mixed verdict and the fact that Plaintiff's bill of costs sought reimbursement of expenses attributable to the non-prevailing claims. (Dkt. 284, pg. 24.) The Report and Recommendation erred because costs are not treated the same as attorneys' fees in awards to a prevailing party, and the costs for non-prevailing claims should not have been shifted.

Misconduct is not required to deny cost shifting; cost shifting can be denied simply where there are mixed results. *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) ("Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within that discretion."); *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075 (7th Cir. 1999) ("Further, courts have especially broad discretion to award or deny costs in mixed result cases . . . .").

Moreover, not only did Defendants prevail on some claims, they avoided the imposition of the larger dollar amounts sought by Plaintiff on wage claims. *See Gavoni v. Dobbs House*, No. 95 C 1749, 1997 U.S. Dist. LEXIS 15986, *12 (N.D. Ill. Oct. 1, 1997) ("Avoiding most of a large damage claim is considered to be partial success by the defendants as to a substantial part of the litigation."). The parties should bear their own costs where the defendant succeedes in substantially reducing the damages awarded.

Finally, Plaintiff should not have been reimbursement for the experts and witnesses that testified on trafficking (Florence Burke, Charlotte Walker-Said, Charles Folabit, and Nerlande Laplante). Defendants were the prevailing party on the trafficking claims and the Report and Recommendation erred in awarding those costs to the non-prevailing party.

## **Conclusion**

Defendants respectfully request that the Magistrate Judge's report and recommendation (Dkts. 283, 284) on the amount of fees and costs awarded to Plaintiff be overruled.

                                          Respectfully submitted,

                                          **DEFENDANTS MARIE P. EPEE & ERIC N. EPEE**

                                          By: s/Christopher Carmichael
                                                 One of their attorneys

Victor P. Henderson
Christopher W. Carmichael
Breanna N. Kantor
**HENDERSON PARKS, LLC**
140 S. Dearborn St., Suite 1020
Chicago, IL 60603
Tel: 312-262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com
bkantor@henderson-parks.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on **January 24, 2018**, Defendants' **Objection to Report and Recommendation** (Dkt. 284) was filed using the Northern District of Illinois' electronic Case filing (ECF) system and served by the ECF system on counsel of record, who are registered ECF filers.

s/Christopher Carmichael