IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Christine Ekalliipse Mouloki,

        Plaintiff,

-against-

Marie Paule Epee et al.,

        Defendants.

Case No. 1:14-cv-05532
Honorable Virginia M. Kendall
Honorable Magistrate Judge Sidney I. Schenkier

## PLAINTIFF'S UNOPPOSED MOTION TO ENTER RULE 58 JUDGMENT BASED ON SEVENTH CIRCUIT ORDER

       Plaintiff respectfully requests that this court enter a Rule 58 Judgment. In support, Plaintiff states as follows:

       1. On July 18, 2017, this Court entered Judgment. *See* D.I. 230. Because there were outstanding issues as to the 2% interest issue, the Judgment did not include a specific amount of damages.

       2. On August 15, 2017, the Defendants filed a notice of appeal ("the first appeal"). That appeal has effectively been stayed due to the Plaintiff's motion to amend judgment and motion for attorneys' fees.

       3. On May 7, 2018, this Court issued its order on Plaintiff's motion to amend judgment and for attorney's fees. This Court did not issue an amended Rule 58 Judgment.

       4. On May 31, 2018, Defendants Marie Paul Epee and Eric Ngando Epee filed a status report with the Court of Appeals for the Seventh Circuit in the first appeal, stating: "[The Seventh Circuit] has held that opinions, like the decision issued by the district court here, are not

1

appealable judgments. . . . While there is no further substantive issue that remains outstanding, the absence of a Rule 58 judgment indicates that either such a judgment would need to be entered or the 150-day period from the May 7, 2018 opinion would need to run before this appeal could proceed." *See* Ex. A.

5. Subsequently, on June 1, 2018, the Seventh Circuit issued an order stating that Defendants shall "advise the court whether they, or plaintiff, intend to request the entry of a Rule 58 Judgment pursuant to Fed. R. Civ. P. 58(a)." *See* Ex. B.

6. On June 5, 2018, Defendants filed a second notice of appeal related to the May 7, 2018 order.

7. Again, the Seventh Circuit ordered an update on whether this Court would enter a Rule 58 judgment: "The court, on its own initiative, ORDERS the parties to file, on or before June 13, 2018, a statement advising the court whether they intend to request the district court to enter a Rule 58 Judgment." *See* Ex. C.

8. Although Fed. R. Civ. P. 58 does not require a separate order when the court is "disposing" of a motion for attorneys' fees or a motion to amend judgment, Rule 58 does require an order ***granting*** an amended judgment to be set forth in a separate document:

> The only way to reconcile the requirement that an amended judgment be set forth in a separate document with the exception to that requirement for an order disposing of a Rule 59(e) motion is by reading "disposing of a motion" as "denying a motion." The reading is supported, though muddily, by the Committee Note to the 2002 Amendment to Rule 58. The note states that "if disposition of the [Rule 59(e)] motion results in an amended judgment"—as it did here—"the amended judgment must be set forth on a separate document" . . . . Granting a motion is one way of "disposing" of it, but when a motion to amend a judgment is granted, the result is an amended judgment, so the rule becomes incoherent if "disposing" is read literally, for then the order granting the motion both is, and is not, an order required to be set forth in a separate document. Nonsensical, or as here logically impossible, interpretations of statutes, rules, and contracts are unacceptable.

*See Emp'rs Ins. of Wausau v. Titan Int'l, Inc.*, 400 F.3d 486, 489 (7th Cir. 2005)

9. In light of the Seventh Circuit's orders and pursuant to Rule 58, Plaintiff respectfully requests that the Court enter judgment in a separate document detailing the damages awarded by the jury and the attorneys' fees and costs awarded by the Court, so that the appeal may move forward. *See* Fed. R. Civ. P. 58 ("Every judgment and amended judgment must be set out in a separate document").

10. Plaintiff met and conferred with Defendants, and Defendants do not oppose this request.

Dated: June 12, 2018

Respectfully submitted,

By: */s/ Alexander C. Fields*
Alexander C. Fields
Johanna L. Jacob
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759

Thomas R. Hill
Smith Blake Hill LLC
20 North Clark Street
Suite 1700
Chicago, IL 60602
Telephone:    (312) 471-8090
Facsimile:    (312) 876-1155

Steven B. Towbin
Christina M. Sanfelippo
Shaw, Fishman, Glantz & Towbin LLC
321 North Clark St., Suite 800
Chicago, IL 60654
Telephone:    (312) 541-0151
Facsimile:    (312) 980-3888

Rene A. Kathawala
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:    (212) 506-3756

Facsimile: (212) 506-5151

*Attorneys for Plaintiff Christine Ekalle*

I hereby certify that on June 12, 2018, a copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION TO ENTER RULE 58 JUDGMENT BASED ON SEVENTH CIRCUIT ORDER** will be filed with the Court's electronic filing system. Notice of this filing will be sent to all counsel of record for the parties by operation of the Court's electronic filing system.

By: */s/ Alexander C. Fields*
Alexander C. Fields
