IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 14 CV 5532 ) |
| MARIE PAULE EPEE and ERIC NGANDO EPEE, | ) ) ) |
| Defendants. | ) ) |

**MOTION TO STAY ENFORCEMENT OF JUDGMENT**

Defendants move, pursuant to Federal Rule of Civil Procedure 62(d), to stay enforcement of the Rule 58 judgment pending appeal, and, in support of this motion, state as follows:

1. Defendants filed an appeal after the jury verdict and after the post-trial motions were resolved.

2. On June 15, 2018, a Rule 58 judgment was entered against Defendants, allowing the appeals to proceed. (Dkt. 301.)

3. The judgment consisted of $156,688.00 awarded to Plaintiff ($75,460.00 in unpaid wages for violations of the FLSA, $75,460.00 in liquidated damages for violations of the FLSA, $786.00 in damages for conversion, and $5,000.00 in damages for unjust enrichment against each defendant).

4. Federal Rule of Civil Procedure 62(d) permits a stay of enforcement of a judgment pending appeal.

5.  A stay may be entered without a bond, in a court's discretion. *Lightfoot v. Walker*, 797 F.2d 505, 506 (7th Cir. 1986).  While Defendants do not seek stay of the judgment without a bond, Defendants seek to post less than the full amount of the judgment.

6.  Generally, the party seeking to stay the judgment pending appeal should show:  (1) a reasonable probability of prevailing on appeal, (2) irreparable harm if the stay is denied, (3) that other parties will not be substantially harmed by a stay, and (4) that public interest will be served by granting stay.  *EEOC v. Quad/Graphics*, 875 F. Supp. 558, 559 (E.D. Wis. 1995).

7.  Defendants have a reasonable probability of prevailing on the merits of the appeal.  Defendants were denied the opportunity to amend and add defenses, despite no showing of prejudice to the Plaintiff.  Defendants were also not permitted present testimony about Cameroonian culture with witness that had direct experience, while Plaintiff was allowed to present an academic.

8.  Defendants will suffer irreparable harm if the judgment is not stayed. Defendants have limited means and continuing the enforcement process will diminish what limited assets exist.  *See To-Am Equipment Co. v. Mitsubishi Caterpillar Forklift America*, 919 F. Supp. 306, 308 (N.D. Ill. 1996) ("In light of To-Am's financial status, we are unwilling to force immediate satisfaction of the judgment.").

9.  In addition, if Plaintiff were allowed to collect, and the funds were expended, Plaintiff would have no ability to repay the fund if Defendants were

successful on appeal. Defendants would suffer irreparable harm if their available funds were expended and they were successful on appeal.

10. The Plaintiff will not be harmed by a stay because there are funds in escrow that could be sequestered. *See Spellman v. Aetna Plywood, Inc.*, No. 84 C 5735, 1992 U.S. Dist. LEXIS 5715, at *4 (N.D. Ill. Apr. 6, 1992) ("Given these circumstances, the Court concludes that no harm would accrue to the parties should the Court order a stay of the execution of its judgment."). As Plaintiff's motion notes, there is roughly $77,000 in funds in a title escrow. Defendants are willing to post those funds as a bond, pending the outcome of the appeal.

11. The public interest will be served by staying the judgment and holding the funds at the title company as a bond. The Plaintiff's judgment will be secured by the available funds, and Defendants' right to appeal will protected.

## Conclusion

The judgment should be stayed pending the outcome of the appeal.

    Respectfully submitted,

    **DEFENDANTS MARIE P. EPEE & ERIC N. EPEE**

    By: s/Christopher Carmichael
        One of their attorneys

Victor P. Henderson
Christopher W. Carmichael
Breanna N. Kantor
**HENDERSON PARKS, LLC**
140 South Dearborn St., Suite 1020
Chicago, IL 60603
Tel: 312-262-2900
vphenderson@henderson-parks.com
ccarmichael@henderson-parks.com
bkantor@henderson-parks.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **June 25, 2018**, Defendants' **Motion to Stay Enforcement of Judgement** was filed using the Northern District of Illinois' electronic Case filing (ECF) system and served by the ECF system on counsel of record, who are registered ECF filers.

s/Christopher Carmichael