UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE EKALLIIPSE MOULOKI, | No. 14 CV 5532 |
| Plaintiff, | Hon. Virginia M. Kendall |
| v. | Hon. Magistrate Sidney I. Schenkier |
| MARIE PAULE EPEE and ERIC NGANDO EPEE, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
FOR A STAY UNDER RULE 62(d)**

Plaintiff, Christine Ekalliipse Mouloki, the judgment-creditor, opposes the Defendants' motion for a stay of execution. First, the Defendants have not even correctly stated, let alone met, the conditions for such extraordinary relief. Second, the motion is untimely and comes only after Plaintiff has gone to considerable effort to secure a lien on the $77,442.60 ("Proceeds") being held by the North American Title Company ("Escrowee"). Third, none of the cases cited by Defendants support their position. For these reasons, the Defendants' motion for a stay pending appeal without the need to post a bond pursuant to Fed. R. Civ. P. 62(d) ("Rule 62(d)") should be denied.

In support of this Response, Plaintiff states as follows:

1. Plaintiff notes at the outset that the factors for this Court to consider in deciding Defendants' motion are *not*, as Defendants contend, the traditional factors for an injunction under Fed. R. Civ. P. 65, or Fed. R. Civ. P. 62(c). *Sorrano v. N.Y. Life Ins. Co.*, No. 96 C 7882, 2006 WL 1005902, at *1 n.1 (N.D. Ill. Apr. 13, 2006) (citing *Dillon v. City of Chi.*, 866 F.2d 902, 904-05 (7th Cir. 1988)); *accord United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (denying stay motion for defendant's failure to analyze *Dillon* factors). The relevant factors for this Court to consider for a request for a stay without a bond under Rule 62(d) are these:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Sorrano*, 2006 WL 1005902, at *1.

2. Having failed to even address the correct standard, let alone meet their burden to demonstrate that they are entitled to the extraordinary relief they seek, the Defendants' motion should be denied. *O'Callaghan*, 805 F. Supp.2d at 1326.

3. But there are additional reasons to deny the Defendants' motion. Only now, after Plaintiff had to ferret out and secure what is likely to be the only asset available to just partially satisfy the Court's judgment against them, have the Defendants come forth with an offer to post the Proceeds as security in lieu of a bond to obtain a stay pending appeal. Had Defendants succeeded in keeping the Proceeds hidden from Plaintiff, the Proceeds likely would have disappeared and probably would have been used by Defendants to fund their appeal against Plaintiff. The extraordinary equitable relief Defendants now seek should be reserved for the honest appellant that is straightforward with the Court. *See, e.g., Spellman v. Aetna Plywood, Inc.*, No. 84 C 5735, 1992 WL 80528, at *1 (N.D. Ill. April 8, 1992). The Defendants in this case, however, appear to be anything but candid with the Court. Under these circumstances, where Defendants have had weeks since the Court's May 7, 2018 Memorandum and Order to come forward with their proposal, but instead chose to do so only after they had no alternative and were about to lose the Proceeds altogether, the Defendants' motion must fail. Defendants' weak and tardy proposal is far too little and way too late. They are not entitled to the extraordinary equitable relief they seek.

4. Moreover, none of the cases cited by Defendants support their position. While *Lightfood v. Walker*, 797 F.2d 505 (7th Cir. 1986), does hold that this Court may grant a stay under Rule 62(c) without a supersedeas bond, the *Lightfoot* court denied the State of Illinois' request for such relief in that case based on the fact that collection procedures against the State would be "cumbersome and uncertain." *Id*. at 506. That description also fits the collection process in this case perfectly. Plaintiff is almost certainly not going to be able to collect her judgment, except out of the Proceeds, given where the Defendants reside and work. Thus, *Lightfoot* supports a denial of the requested stay.

5. *EEOC v. Quad/Graphics*, 875 F.Supp. 558 (E.D. Wis. 1995), also fails to support Defendants' position. First, that case was decided under Rule 62(c), not 62(d). The primary reason the *Quad/Graphics* court granted the stay was the lack of harm to the EEOC in doing so and that the stay would not be contrary to the public interest. *Id*. at 560. Neither factor, even if one were applicable here (which neither is), weighs in favor of the Defendants' request in this case. Further delay in payment of Plaintiff's judgment, perhaps for a year or more, will indeed harm her. In addition, valid judgments being timely enforced after lengthy litigation is without doubt, in the public interest.

6. Defendants' reliance on *To-Am Equip. Co., Inc. v. Mitsubishi Caterpillar Forklift Am., Inc.*, 919 F. Supp. 306 (N.D. Ill. 1996), is misplaced. *To-Am* was a case decided under Rule 62(h), not 62(d). Importantly, in that case the stay was strictly limited to 60 days and could not be extended. Notably, the limited stay was granted because *To-Am*'s eleven employees would not have been able to be paid if the stay was not imposed. *Id*. at 308. In this case, Defendants have no payroll to meet and the stay they seek is unlimited. Therefore, *To-Am* is of no help to Defendants.

7. *Spellman* is similarly unsupportive of Defendants' cause. In *Spellman*, the Court found that no harm would come to the appellee because the appellee, Mr. Spellman, was "a life-long resident of the Chicago area and ha[d] no intention of leaving." *Spellman*, 1992 WL 80528, at *1. Given that Mr. Spellman's financial condition as "a retired salesman of modest means" was unlikely to change during the appeal, the court determined that "no harm would accrue to the parties should the Court order a stay of execution of its judgment." *Id*. at *2.

8. Here, the Defendants reside in Cameroon, West Africa, and they have provided no credible information about their assets and income. Plaintiff understands that Mr. Epee has had a long business career with successful companies and comes from a family of means in Cameroon. After all, Defendants have been able to fund four years of litigation and are now about to finance the cost of an appeal. For all Plaintiff and this Court know, Defendants have ample assets with which to purchase a supersedeas bond, but have chosen not to do so because they do not want to secure Plaintiff's judgment and they have little confidence in their chances on appeal. Defendants' lack of candor with the Court, given their request for extraordinary equitable relief, is disconcerting to say the least. It gives the Court no confidence that Defendants are in need of the relief they seek or that they come to the Court with clean hands.

9. The factors for the Court to consider in resolving Defendants' motion, as set forth in *Sorrano*, weigh in favor of Plaintiff to the extent they apply in this case. The collection process in this case, as noted earlier, will be "cumbersome" and "uncertain." *Lightfoot*, 797 at 506. In reality, further collection efforts may not be possible at all. Further, the Defendants have provided no information to the Court that would give the Court confidence that the judgment will be paid if they lose the appeal. Moreover, other than identifying issues for their appeal, Defendants provide no basis for this Court to conclude they have any chance for success on appeal.

10. Because the Defendants have failed to provide the Court with any credible information about their assets, income, and prospects, the Court cannot ascertain whether the cost of a bond would be a waste of money or whether Defendants' financial position is so precarious that the cost of a bond would impair the rights of Defendants' other creditors. And, unlike the judgment-debtor in *To-Am*, the Defendants do not need to fund a payroll with money that they would otherwise use for a bond premium.

11. In sum, Defendants have failed to carry their heavy burden of demonstrating whey they are entitled to the extraordinary equitable relief they seek. Consequently, their motion for a stay without a full bond should be denied. To obtain a stay of execution in this case, Defendants must post a supersedeas bond for at least the full amount of the judgment, plus interest and costs.

WHEREFORE, Plaintiff requests the entry of an order denying the Defendants' motion for a stay of execution of this Court's judgment pending appeal.

Respectfully submitted,

Christine Ekalliipse Mouloki

Dated: June 26, 2018     By:   /s/ Steven B. Towbin
                                One of her attorneys

Steven B. Towbin
Christina M. Sanfelippo
Fox Rothschild LLP
321 North Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151

Alexander C. Fields
Johanna L. Jacob
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700

Thomas R. Hill

Smith Blake Hill LLC
20 North Clark Street
Suite 1700
Chicago, IL 60602
Telephone: (312) 471-8090

Rene A. Kathawala
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-3756

**CERTIFICATE OF SERVICE**

Steven B. Towbin certifies that he caused to be served a true copy of **Plaintiff's Response In Opposition To Defendants' Motion For A Stay Under Rule 62(d)** upon the attached Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means on June 26, 2018.

/s/ Steven B. Towbin

# Mailing Information for a Case 1:14-cv-05532 Mouloki v. Epee et al

## Electronic Mail Notice List

- **Christopher W Carmichael**
  ccarmichael@henderson-parks.com,srobinson@henderson-parks.com
- **Alexander Calof Fields**
  afields@orrick.com
- **Steven J. Fink**
  sfink@orrick.com,nymao@orrick.com,rfsmith@orrick.com,lpolinski@orrick.com,ncort@orrick.com,agerrish@orrick.com
- **Victor P. Henderson**
  vphenderson@henderson-parks.com,srobinson@henderson-parks.com
- **Trish Higgins**
  thiggins@orrick.com,jponce@orrick.com
- **Thomas R Hill**
  thill@sbh-law.com,csullivan@sbh-law.com
- **Johanna Lynn Jacob**
  jjacob@orrick.com
- **Breanna Nicole Kantor**
  bkantor@henderson-parks.com,ledwards@henderson-parks.com
- **Christina M Sanfelippo**
  csanfelippo@foxrothschild.com,orafalovsky@foxrothschild.com,chdockets@foxrothschild.com
- **Amelia Ford Shogan**
  amelia.shogan@safehorizon.org
- **Dana Gale Sussman**
  dana.sussman@safehorizon.org
- **Steven Bennett Towbin**
  stowbin@foxrothschild.com,cdonohue@foxrothschild.com,cknez@foxrothschild.com